## THE STATE ex inf. CROW, Attorney-General, v. SWARZSCHILD & SULZBERGER COMPANY.

### In Banc, March 20, 1903.

**Quo Warranto:** CORPORATION: OUSTER: INCORPORATION AFTER PROCEEDING BROUGHT. The evidence showing that the defendant, although not qualified and licensed to do business in this State until after this quo warranto proceeding was brought to oust it from doing business in this State, was a member of a pool, trust and conspiracy to fix and maintain the prices of dressed beef within the State, the same order is made against it as was made in the case of State ex inf. v. Armour Packing Company et al., ante, page 356.

### Quo Warranto.

WRIT OF OUSTER AWARDED CONDITIONALLY.

*Edward C. Crow*, Attorney-General, for informant.

Quo warranto is proper remedy to try right of foreign corporations to do business in Missouri. There can be no doubt of the right and power of the General Assembly to prescribe the terms and conditions upon which foreign corporations can do business in Missouri. Foreign corporations only exercise their franchises or powers within this State by comity or legislative consent. That consent may be upon such terms and conditions as the General Assembly under its legislative power may impose. Therefore, when terms and conditions have been prescribed upon which foreign corporations can do business in Missouri before exercising their franchises in this State, foreign corporations must of course comply with the conditions imposed. Without such compliance the exercise of their franchises in Missouri would be in contravention of the laws of the State. 47 Oh. St. 179. There is no pretense that up to the time this action was begun the respondent had com-

plied with our foreign corporation law requiring such corporations first, to produce a license; and, second, to file a copy of their charter or articles of association and pay the incorporating taxes or fees and obtain a certificate from the Secretary of State authorizing it to do business in Missouri. This being so, no power or authority subsequently granted to respondent by the Secretary of State could protect it from the results of its unlawful acts prior to the time this suit was begun. 39 Minn. 538. Besides, in the pleading of respondent it admitted it had no power to do business in Missouri; but denied that it had ever done business here. But the finding of the commissioner now shows it did carry on business here. The State is now entitled to judgment. We come, then, to the question: Is quo warranto a proper remedy to try the right of a foreign corporation to do business in our State? It has been expressly decided that quo warranto is a proper proceeding to try the right of a foreign corporation to carry on its corporate business in another State without complying with the corporate laws of the said State wherein it is carrying on its business. 39 Minn. 538; 47 Oh. St. 179; 47 Minn. 55; 17 Ency. Pl. and Pr., p. 397; 51 Oh. St. 163. Any statutory remedy prescribed in addition does not prohibit the remedy by quo warranto for usurping a franchise by a foreign corporation. 142 Mo. 337. The right to proceed by quo warranto against corporations illegally combining to control, fix, regulate and maintain prices of commodities has been established in Missouri by Supreme Court decisions. State ex inf. v. Ins. Co., 152 Mo. 1. The Missouri antitrust law, sections 8965 to 9877, Revised Statutes 1899, are constitutional. This act has been twice upheld by our Supreme Court. 152 Mo. 1; 150 Mo. 113. Again, this court held this statute constitutional when it overruled the plea of the respondent raising the constitutionality of the act. The respondent stood silent and offered no testimony whatever to rebut the proof of the State that it was in a combina-

tion with others engaged in a similar line of business to fix, control, regulate and maintain in Missouri the prices of dressed beef, dressed pork and cured meats. This action could be maintained in Missouri at common law.    Independent of statutory enactment, it is the established doctrine that English statutes passed before the emigration of our ancestors applicable to our institutions and in amendment of the law constitute a part of the common law of this country.   78 Mo. 584. And by section 4151, Revised Statutes 1899, the common law of England and all statutes and acts of Parliament made prior to the fourth year of the reign of James the First, which are of a general nature not local to that kingdom, which common law and statutes are not repugnant to or inconsistent with the Constitution of the United States, the Constitution of this State or the statute laws in force for the time being, shall be the rule of action and decision in this State, any law, custom or usage to the contrary notwithstanding.   The acts of the respondent, as proven in this case and not denied, constitute a violation of the common law against the creation of monopolies and in restraint of trade. United States v. Pipe and Steel Company, 85 Fed. 271; 10 Am. and Eng. R. and Corp. Cases, p. 108; 152 Mo. 42. The evidence proved acts and agreements of the respondent and the other packers which were void at common law, because in restraint of trade and tending to a monopoly.   152 Mo. 42.

*Karnes, New & Krauthoff* and *Frank Hagerman* for respondent.

MARSHALL, J.—This is a proceeding by quo warranto instituted by the Attorney-General, ex-officio, to oust the defendant, a corporation organized under the laws of the State of New York, from doing business in this State.   The respondent maintains a cooler or place of business in Kansas City, Missouri, and its packing

plant is in Kansas City, Kansas. The petition charges that the respondent had never complied with the laws of this State relating to foreign corporations, and that it was a member of a pool, trust or conspiracy to fix and maintain the price of dressed beef in this State, the other members being charged to be the Armour Packing Company, Swift & Company, The Cudahy Packing Company, The Hammond Packing Company, Nelson Morris & Company, and the Krug Packing Company. The answer is similar to the answer of the respondents in the case of State ex inf. Atty.-Genl. v. Armour Packing Company et al., just decided, and reported at page 356 of this volume, except as to the question of failure to qualify as a foreign corporation under the laws of this State, and as to that it is admitted that it had never so qualified prior to the institution of this proceeding, because of a misunderstanding of the advice of counsel as to the necessity to do so, but that since the institution of this action, it has so qualified and been regularly licensed to do business in this State. The case was referred to the same special commissioner, and he found that while the evidence was not very strong, it was sufficient to make out a prima facie case against the respondent. The evidence was taken at the same time as the evidence in the other case, and it was agreed that it should all apply to this case so far as it was pertinent. The respondents pursued the same course in this case that they did in the other case, and make practically the same contentions, and what is said in that case applies equally to this case. The direct testimony in this case as to the admissions and statements of the respondent's cooler manager, and as to the rebates, and uniformity of prices, rests upon the testimony of Joseph A. Stanley, a butcher in Kansas City, but that testimony is not even attempted to be controverted by the respondent.

There is therefore no substantial difference between this case and the other case so far as the pool, trust or

conspiracy is concerned. And as the respondent has since the institution of this suit qualified and been licensed to do business in this State, the same order will be made in this case as was made in that case—to-wit, that the respondent pay to the clerk of this court, within thirty days from this date the sum of five thousand dollars as a fine, and also all the costs in this case, and failing so to do the respondent be ousted from all right, privilege and franchise of every nature and kind under the laws of this State and be forever prohibited from doing business in this State. All concur.