## FIRST NATIONAL BANK OF JEANNETTE, Appellant, v. MISSOURI GLASS COMPANY.

### Division One, May 31, 1912.

1. **CONSTITUTIONAL LAW: Anti-trust Statutes.** The Missouri Anti-trust Law (R. S. 1899, Secs. 8965, 8966, 8968 and 8974, amended R. S. 1909, vol. 3, chap. 98) violates neither the State nor Federal Constitution, and it governs the transactions in business in this State.

2. ————: **Contentions Already Decided: Court of Appeals: Jurisdiction.** Where constitutional contentions are no longer debatable, the Supreme Court will treat their reassertion as frivolous, and will not permit it to dislodge the otherwise rightful jurisdiction of the Court of Appeals.

3. ————: **Cause Transferred to Court of Appeals: Error to United States Supreme Court.** If, after the re-transfer of this case to the St. Louis Court of Appeals, as ordered, its conformity to the decisions of the Supreme Court should be thought by appellant to deny it any right or privilege guaranteed by the Federal Constitution, then a writ of error will lie from that court direct to the Supreme Court of the United States, for in all matters not excluded from its jurisdiction that court is one of final resort.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Lee W. Grant* for appellant.

*Geo. W. Lubke* and *G. W. Lubke, Jr.,* for respondent.

. BOND, C.—This is a suit upon an assigne⁷ account for a balance of $1318.17 due on a sale of glassware, alleged to have been delivered to defendant as per bill of items attached to the petition, on or about the 2d day of December, 1907. The answer was a general denial and a further defense "that during all the time alleged in plaintiff's said petition and in the ex-

hibit filed therewith, the said McKee-Jeannette Glass Company (the assignor of plaintiff) was a member of a pool, trust, agreement, combination, confederation or undertaking with other persons to restrain trade or competition in the manufacture of the articles sued for" etc., in violation of the statutes of this State and the laws of the United States. The answer then avers, that, for said reasons, defendant is not indebted to plaintiff or its assignor in any sum whatever, and prays judgment for costs. The reply was a general denial. After hearing the evidence adduced by the respective parties, the court, to whom the cause was submitted without the aid of a jury, refused four instructions requested by plaintiff, and gave certain instructions requested by defendant, and on the 9th of April, 1909, rendered judgment in favor of defendant, from which plaintiff duly appealed to this court.

## OPINION.

I. On the face of the record proper the question arises as to the jurisdiction of this court to determine this appeal. The amount in controversy is less than $7500, the present pecuniary limit of jurisdiction of the Courts of Appeal. Unless there is some constitutional warrant for the entertainment of this appeal by this court, the cause must be transferred to the proper Court of Appeals to be heard and determined by it. [R. S. 1909, sec. 3937.]

It is insisted by appellant, and such is the tenor of its refused instructions, that sections 8965, 8966, 8968 and 8974 of the revision of 1899 (amended in revision of 1909, vol. 3, chap. 98) are contrary to the Commerce Clause and to the Fourteenth Amendment of the Constitution of the United States, and hence this court is the proper tribunal to consider the appeal taken in this case under the provision of the Constitution of Missouri and the amendment thereto of

1884, which requires a direct appeal to the Supreme Court or the issuance of a writ of error therefrom, as to all matters wherein prior to the amendment an appeal might have been taken from the decisions of the St. Louis Court of Appeals. [Constitution of Missouri, art. 6, sec. 12; *Ibid.*, Amendment of 1884, sec. 5.] By the language of the Constitution the cases thus made directly reviewable by the Supreme Court include the following: "In cases involving the construction of the Constitution of the United States or of this State; in cases where the validity of a treaty or statute of or authority exercised under the United States is drawn in question."

In addition to its general denial, the defendant tendered only two issues—that plaintiff's assignor was prohibited from recovering for the goods sold, by the terms either of the Federal or State Anti-trust law.

The finding of the trial court does not disclose whether it was for failure of plaintiff's assignor to comply with the Federal or State statute set up in defendant's answer. That the Federal Act is constitutional has been conclusively settled by the Supreme Court of the United States. [United States v. American Tobacco Co., 221 U. S. 26; Standard Oil Co. v. United States, 221 U. S. 1; Continental Wall Paper Co. v. Voigt & Sons, 212 U. S. 227.] That the State law violates neither the State nor Federal Constitution and that it governs the transactions in business in this State, following within its provisions, is the established law. [State ex inf. v. Harvester Co., 237 Mo. 369; State ex inf. v. Standard Oil Co., 218 Mo. 1; Finck v. Schneider Granite Co., 187 Mo. 244; State ex inf. v. Swartzschild & Sulzberger, 173 Mo. 394; Grote v. National Lead Co., 80 Mo. App. 247; State ex inf. v. Firemen's Fund Ins. Co., 152 Mo. 1; State ex inf. v. Aetna Ins. Co., 150 Mo. 113.] This was not an open question when the present appeal was taken. If we take cognizance of this appeal, we should sim-

ply have to reiterate our former decisions, that the statutes of this State regulating trusts do not offend either the Constitution of the State or of the United States but are valid and wholesome exercises of the police power inherent in every sovereign State to protect its citizenry. Where constitutional contentions are no longer debatable, this court will treat their re-assertion as frivolous, and will not permit it to dislodge the otherwise rightful jurisdiction of the Court of Appeals. [State v. Campbell, 214 Mo. 362; Dickey v. Holmes, 208 Mo. 664.]

If, after the retransfer of this case to the St. Louis Court of Appeals, its conformity to the decisions of this court should be thought by appellant to deny it any right or privilege guaranteed by the Federal Constitution, then a writ of error will lie from that court direct to the Supreme Court of the United States, for in all matters not excluded from its jurisdiction that court is one of final resort. [Railroad v. Pearce, 192 U. S. 179; Pearce v. Railroad, 89 Mo. App. 437.] This case is transferred to the St. Louis Court of Appeals. *Brown, C.*, concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur; *Lamm, J.*, in result.