ARTHUR LEE, by Curator, v. JONES, Appellant.

Division One, March 29, 1904.

1. **CONSTITUTIONAL QUESTION: Nine Jurors at Trial: Appellate Jurisdiction.** Where at the time of the appeal the Supreme Court had not passed upon the constitutionality of a verdict by three-fourths of the jurors in a civil case in a court of record, the appeal should be sent to the Supreme Court, which alone had jurisdiction of the appeal. But the validity of such a verdict is no longer a constitutional question in this State.

2. **NEGLIGENCE: Inferred from Injury.** The law does not draw an inference of negligence on the part of the defendant from the fact that there was a collision between a boy and defendant's bicycle on a public street and the boy was hurt. The fact that the injury was caused by defendant's negligence must be established by evidence.

3. ——: ——: **Inferred From Injury to Child.** The fact that the person injured was a child and the defendant a man, does not shift the burden of proof from the plaintiff to the defendant to show which, if either, was to blame for the accident.

Lee v. Jones.

4. ——: ——: **Collision With Bicycle.** The plaintiff, a boy nine years old, and two other boys were running a race along a public street, the plaintiff on foot, and the other two on bicycles, and while the plaintiff was running and looking around and backward towards the other boys, defendant, also on a bicycle, running at about the same speed, in the opposite direction, struck him and he was injured. Defendant testified that he rang the bell as soon as he came in sight of plaintiff and continued to ring it until the collision, and the only act of negligence shown by the evidence was that plaintiff was running with his face turned to the rear, so that he could not see whither he was going. *Held,* that defendant's negligence cannot be inferred from the mere fact that there was a collision, and there being an entire absence of any showing of negligence on defendant's part, a verdict for plaintiff must be reversed.

5. ——: **Child's Contributory Negligence.** Where the injury is due alone to the act of the child injured, the question of whether or not a child nine years old can be held responsible as for contributory negligence has no place in the case.

Transferred from St. Louis Court of Appeals.

REVERSED.

*Charles M. Napton* for appellant; *Judson & Green* of counsel.

(1) The court erred in submitting this cause to the jury: (a) Because there was no substantial evidence of negligence on the part of defendant. Payne v. Railroad, 136 Mo. 562; Schmitz v. Railroad, 46 Mo. App. 387; Pueschell v. Iron Works, 79 Mo. App. 464; Lien v. Railroad, 79 Mo. App. 479; Spohn v. Railroad, 87 Mo. 84; State v. Nelson, 118 Mo. 124; Empey v. Railroad, 45 Mo. App. 422; Lionberger v. Pohlman, 16 Mo. App. 392; Walton v. Railroad, 49 Mo. App. 620; Powell v. Railroad, 76 Mo. 84; Commissioners v. Clark, 94 U. S. 284; Avery v. Fitzgerald, 94 Mo. 207; State ex rel. v. Lindsay, 73 Mo. App. 473; Callahan v. Warne, 40 Mo. 135. (b) Because, under the evidence of this case, negligence could not be inferred from the mere fact of the collision and injury of plaintiff. Green v. St. Louis Cooperage Co., 50 Mo. App. 202; Murphy v.

Railroad, 115 Mo. 111; Carvin v. St. Louis, 151 Mo. 334; Furnish v. Railroad, 102 Mo. 438; Railroad v. Crawford, 24 Ohio St. 361; Yarnell v. Railroad, 113 Mo. 570. (2)   But, even if we assume for the argument that there was sufficient evidence of defendant's negligence to authorize a submission to the jury, yet plaintiff admitted that he was guilty of such contributory negligence as will bar his recovery, and the court should have peremptorily instructed the jury to find for the defendant on that ground.   Hogan v. Railroad, 150 Mo. 36; Matthews v. Railroad, 142 Mo. 645; Meyer v. Railroad, 6 Mo. App. 27.   (a)   A boy nine years of age, of ordinary capacity for one of that age, who has been continually warned and cautioned by his mother as to the dangers of playing in the public streets, is as to such matter *sui juris;* and if he races down the center of a public street which is in constant use, looking backward and making no attempt to watch for other pedestrians, and is injured as a result of such carelessness, he can not recover.   Barney v. Railroad, 126 Mo. 392; Spillane v. Railroad, 135 Mo. 414; Graney v. Railroad, 157 Mo. 666; Payne v. Railroad, 136 Mo. 534; Schmidt v. Railroad, 160 Mo. 58; Murray v. Railroad, 93 N. C. 92; Tucker v. Railroad, 124 N. Y. 308.   (b)   When he is able to fully comprehend the dangers he incurs as the result of his reckless conduct, the contributory negligence of a child of nine years is determined by the same rules and principles as is that of an adult.   Payne v. Railroad, 136 Mo. 584; Messenger v. Dennie, 137 Mass. 197; Twist v. Railroad, 39 Minn. 164; McPhillips v. Railroad, 12 Daly 365; Wendell v. Railroad, 91 N. Y. 420; Ecliff v. Railroad, 64 Mich. 196; Masser v. Railroad, 68 Iowa 602; Padgitt v. Moll, 159 Mo. 143.

*A. R. Taylor* for respondent.

VALLIANT, J.—The petition states that the plaintiff, a boy nine years old, was lawfully on Cardinal

avenue, a public street in St. Louis, on July 20, 1895, and the defendant "negligently rode and drove a bicycle, on which he was mounted, violently and with great speed and force against the plaintiff's face and jaw," and thereby inflicted certain injuries, for which he asks damages.

The answer is a general denial, followed by a detailed statement going to show that the accident was not caused by any act of the defendant but by the negligent act of the plaintiff running against the defendant's bicycle knocking it down and throwing the defendant into the street.

Reply, general denial.

At the trial the plaintiff's testimony tended to prove as follows:

Cardinal avenue is a public street in the western part of the city; it begins at Olive street and runs south, crossing Pine, which is the street next south of Olive. Half way between Olive and Pine, and parallel with those streets, an alley crosses Cardinal avenue. The plaintiff and two other boys were running a race in Cardinal avenue, the plaintiff being on foot, the two others on bicycles. They lined up for the race on the east side of Cardinal avenue, near the intersection of Olive street, to run south towards Pine street, the plaintiff being near the center of Cardinal avenue, the boys on the bicycles being between him and the curb of the east sidewalk. They ran from the starting point, the plaintiff leading in the race and looking back from time to time over his left shoulder towards his competitors, and when they reached a point just south of the alley the plaintiff came into collision with the defendant who was riding a bicycle going in the opposite direction; the plaintiff's jaw came into violent contact with the handle of the defendant's bicycle, with the result that the plaintiff's jawbone was broken and the defendant was thrown into the street with his bicycle upon him.

The mother of the plaintiff testified that she was

standing in the back porch of the house at the north-
east corner of Pine street and Cardinal avenue looking
north and saw the boys lined up to run the race; that
she raised her hand to call her son and just as she did
so "some object flew by me right by the porch; I saw
some object pass me rapidly, I could not tell what it
was, and just then it struck Arthur and he fell to the
street." She said that when the object struck the boy
they "fell in a heap, the man on top of the child." On
cross-examination she said that when she first saw the
boys and was about to call her son they were at the head
of the street in a line to start the race and Arthur had
his head turned towards the other boys ready to start,
but when the collision occurred they were running.

The plaintiff's own testimony was: "How were
you running, straight down the street? Yes, sir. How
were you with reference to being in the middle of the
street? I was right in the middle. Right in the mid-
dle? Yes, sir. What were you doing when you were
struck? I was looking around. Looking around at
what? At Frankie Fry. Which side of Frankie?
Which side of Frankie were you on? I was on the right
side. Which side of Arthur Prewitt were you on? I was
on the right side. They were both between you and the
east curb of Cardinal avenue? Yes, sir. What was the first
thing you knew about being hurt? Something struck
me right— Were you looking to the right or— No, I
was to the left. Were you looking back or were they
even with you? I was looking back. You say the first
thing you realized something hit you? Yes, sir."

The plaintiff's evidence also showed that the child
was taken to the office of Dr. Prewitt which was very
near and while the doctor was examining the injury
the defendant came in and told the doctor that he had
run into the boy, but disclaimed responsibility for the
act, and said that he would pay the doctor's bill.

At the conclusion of the plaintiff's evidence the de-
fendant requested an instruction in the nature of a de-

murrer to the evidence, which the court refused and defendant excepted.

Defendant's testimony was to the effect as follows:
There was an establishment at the southwest corner of Olive street and Cardinal avenue where bicycles were kept for sale and lessons in bicycle riding were given. Defendant for some two weeks or more had been taking lessons at that establishment in the art of riding a bicycle, and on this occasion was practicing riding in the street. His course was south on the west side of Cardinal avenue to Pine street, thence crossing to the east side of the avenue, returning passing north on that side to Olive street, thence west to the point of beginning. He had made two or three of these circuits, going at a moderate speed, when, after turning north, he noticed the boys in the street and to avoid them he veered his course to the west, rang and continued ringing the bell on his bicycle, and when he had thus reached the middle of the street, still veering to the west and ringing his bell, the plaintiff, running and looking backwards, ran against defendant's bicycle and threw him to the ground with the bicycle on top of him; the plaintiff himself was not knocked down, but was struck in the face, and when the defendant arose, seeing that the child was hurt and his face bleeding, he took him to a doctor's office which was very near, and while there, learning the mother of the child was not a person of means, he requested the doctor to do whatever was necessary and send his bill to him.

The cause was submitted to the jury on an instruction asked by the plaintiff to the effect that if while the plaintiff was in the street defendant rode a bicycle against him, breaking his jaw and injuring his teeth, and if the jury further find from the evidence that defendant did not exercise ordinary care in so running said bicycle against the plaintiff, then the plaintiff was entitled to recover, if the jury should find that at the time he "was exercising ordinary care according to his

age, intelligence and discretion, and such care as a boy of his age, intelligence and discretion ordinarily uses under the same or similar circumstances.''

The instructions for the defendant directed a verdict in his favor unless the jury were satisfied by a preponderance of the evidence that the plaintiff's injuries were the result of the defendant's negligence alone; that if the plaintiff's negligence contributed to the result he was not entitled to recover; that the defendant had a right to be in the street at the time and to ride his bicycle there; that it devolved on the plaintiff to use reasonable care to avoid injury; and further that if the injuries to plaintiff were due alone to his own negligence in running against the defendant he was not entitled to recover.

There was a verdict for the plaintiff for $1,500 and judgment accordingly from which defendant appeals.

The appeal was taken to the St. Louis Court of Appeals, but when the attention of that court was called to the fact that only nine of the jurors concurred in the verdict, and that the constitutionality of such a verdict was challenged in the circuit court, the Court of Appeals transferred the cause to this court. At the time the appeal was taken this court had not passed on the question of the constitutionality of a verdict by three-fourths of the jurors in a civil cause in a court of record; therefore, there was a constitutional question in the case which gave this court jurisdiction, and the action of the Court of Appeals transferring the cause to this court was right. This court having jurisdiction when the appeal was taken will retain it. But since then we have decided that under our Constitution three-fourths of the jurors in a civil suit in a court of record may render a valid verdict, and, therefore, that is no longer a constitutional question in this State.

The defendant is called to respond in damages for his alleged negligence in driving his bicycle against the plaintiff. The plaintiff's right to recover depends on

proof of the allegation that the defendant was guilty of negligence.   What proof was there to sustain that allegation?   The law does not draw an inference of negligence from the mere fact that there was a collision in which the plaintiff was hurt.   [Yarnell v. Railroad, 113 Mo. 570; Carvin v. St. Louis, 151 Mo. 334.]   Nor does the fact that the plaintiff was a child and the defendant a man shift the burden of proof from the plaintiff to the defendant to show which, if either of them, was to blame for the accident.   The court properly stated in one of the instructions that the defendant had the right to ride his bicycle in the street.   The plaintiff in his petition takes the same position in reference to his right to use the street as he was using it.   Of course defendant had no right to allow the bicycle to come into contact with the plaintiff if by the exercise of ordinary care he could have avoided it.   But what evidence is there that he did not exercise ordinary care?   The only answer the plaintiff's evidence gives to that question is, "the accident occurred."   But that is no answer.   The evidence of plaintiff does not show that the defendant was driving his bicycle at a dangerously high speed; it rather shows the contrary.   True, the mother of the plaintiff said that when she went out on the back porch she saw her son and the other boys lined up at the head of the street to start the race; "I put up my hand to call him and just as I did some object flew by me, right by the porch; I saw some object pass me rapidly, I could not tell what it was, and just then it struck Arthur and he fell on the street."   Be it remembered she was on the porch in the rear, that is, at the north end of the house on the northeast corner of Cardinal avenue and Pine street, while the boys were lined up for the race at or near Olive street.   If this object, which she did not there discern, but which she afterwards learned was a man on a bicycle, passed her so rapidly that "just then," that is, *eo instanto,* it struck the child, it must have passed

like a flash of light. But she did not mean that, because she immediately afterwards said: "They were all together, so far as I was capable of judging from the porch; they were all in line; he had his head to the boy ready to start. Q. They were not running at the time? A. No, sir. Q. They were running when the collision took place? A. Yes, sir; they were running then; they were not running when I came on the porch." The collision occurred at or near the alley midway between Olive and Pine streets. The children must have been running, therefore, faster than the defendant, because they ran from the head of the street to the point of the collision, while the defendant was going from the porch at the north end of the house to the same point. There is no charge in the petition that the defendant was going faster than the law allows, and but for the expression of this witness that he "flew by," there is no suggestion in the evidence of any negligence in that respect.

Whilst the plaintiff's evidence does not point to any act of the defendant that caused the collision or the omission of any act of his that could have avoided it, it does point to an act of the plaintiff that would naturally seem to produce the result. A boy running a race in a public street with his face turned to the rear so that he can not see whither he is going is liable to a collision. That is the only act which this evidence shows to which the collision in question may fairly be attributed.

Since the evidence does not show any act of negligence on part of defendant, it is unnecessary for us to discuss the question of whether a boy nine years old is to be held responsible as for contributory negligence. It makes no difference what we call it or what character we attach to it or whether or not it entails responsibility; if it is the act of the child alone that causes the injury, he cannot recover of the defendant. [Pueschell v. Iron Works, 79 Mo. App. 459; Barney v. Railroad, 126 Mo. 372; Sherman v. Railroad, 72 Mo. 62.

The court should have given the instruction asked by the defendant in the nature of a demurrer to the evidence.

The judgment is reversed.

*Brace, P. J.*, and *Robinson, J.*, concur; *Marshall, J.*, concurs in the result.