# CARPENTER v. MARY L. HAMILTON, Administratrix, Appellant.

## Division Two, December 24, 1904.

1. **APPELLATE JURISDICTION: Nine-Jury Law.** Where the point is raised in the trial court that the constitutional amendment authorizing three-fourths of the jury to render a verdict in civil cases in courts of record was not legally adopted, and the judgment was rendered and the appeal taken prior to the decision (Gabbert v. Railroad, 171 Mo. 84, Dec. 24, 1902) holding that amendment to have been legally adopted and to be constitutional, the appeal is to the Supreme Court on the ground that a constitutional question is involved; but if the judgment was rendered and the appeal taken after that decision, the Supreme Court will not take jurisdiction over a case otherwise falling within the jurisdiction of a court of appeals.

2. **Slander: Theft: Mitigating Words.** The defendant's intestate called plaintiff, a painter, to him and said to him in the presence of others, "Bring back that material you took of mine," and when asked by plaintiff what material, said, "You know what material, and if you don't return it I will make you smoke for it," and when plaintiff denied getting any material, he repeated, "Yes, you have; you have used it in somebody else's work, that material you stole from me." *Held*, that by the words, "you have used it in somebody else's work," there was no such communication to those who heard them of the facts upon which the slanderous charge was based, as amounted to a justification or to a mitigation of damages. It can not be said as a matter of law that defendant's intestate by using those words removed the imputation of theft implied in the word "stole," a word that is actionable *per se*. (Distinguishing Hall v. Adkins, 59 Mo. 144.)

3. ——: **Stealing: Malice.** The charge of stealing is actionable *per se*, and the law presumes malice from its utterance, and hence no proof of malice is necessary.

4. **PRACTICE: Motion in Arrest.** Where the petition is bad, a motion in arrest should be sustained.

5. ——: **Instruction: In View of All Evidence: One Count Dismissed.** Where plaintiff dismisses one count of his petition, and the court specifically confines the jury to a consideration of the charges made in the remaining count, it is not error to permit

by another instruction the jury "to take into consideration all the facts and circumstances as detailed by the witnesses," for, that instruction can not be held to be a direction to take into consideration evidence detailed to support the abandoned count.

6. **SLANDER: Elements of Actual Damages: Instruction.** The instruction in a slander case said nothing about injury to plaintiff's character, reputation, etc., but directed the jury to "take into consideration and allow plaintiff for mortification to his feelings." *Held*, first, that the instruction as it stands is correct; and, second, if defendant desired the elements of actual damages made more specific, he should have asked an instruction setting out such elements.

7. ———: **Excessive Verdict.** An award of $300 actual damages and of $500 punitive damages, for charging a painter with stealing paint, the words being actionable *per se*, does not indicate passion or prejudice.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*James F. Pitt* for appellant.

(1) Defendant's objection to testimony under the petition should have been sustained. It is admitted that the first count stated no cause of action, and the use of the words "taken" and "stole" in the second count, when read in their connections, and with the allegation that plaintiff was a painter in the employ of the defendant, impute no crime. Especially is this true when at once and in the very sentence in which the word "stole" occurs, the whole ground of complaint is disclosed to be that "you have used it on somebody else's work." This was the charge—a mere breach of trust. Townsend on Slander and Libel (4 Ed.), sec. 144, p. 150; Bridgman v. Armer, 57 Mo. App. 528; Christal v. Craig, 80 Mo. 373; Powell v. Crawford, 107 Mo. 595. (2) Where in an action for slander both counts in the petition are bad, a motion in arrest should be sustained. Dyer v. Morris, 4 Mo. 214. (3) Plaintiff's first declara-

tion is intended to instruct the jury upon the measure
of damages. It opens with the information that "they
may take into consideration all the facts and circum-
stances as detailed by the witnesses," which includes,
of course, the investigation as to the gallon of oil under
the first count. Then it fails to say anything about in-
jury to character, reputation, etc., but admonishes the
jury that they "may take into consideration and allow
the plaintiff for the mortification of his feelings"—for
this the jury assessed $300—"and may add thereto as
punitive damages such amount as will adequately pun-
ish the defendant for such action," so the jury put on
$500 more for this offense to the moral sensibilities of
the plaintiff. "This injury to the feelings is not the
principal ingredient for which the law affords redress;
it is incidental to and dependent on other phases of
the wrong; it is generally rather an aggravation than
a substantive and independent ground of recovery."
"This damage is assessable by a jury, and no legal
standard for measuring the amount exists. This, how-
ever, does not imply, nor is it true, that the law does
not define the nature of the injury and decide what ele-
ments may enter into compensation for it." 3 Suther-
land on Damages, pp. 668 and 669; True v. Plumley, 36
Me. 466. In view of the law there announced, the faults
of the charge at bar are glaring. By the second, fourth,
fifth and sixth of its paragraphs, malice and the de-
fendant's financial condition are thrown into the case
without further ado than to throw them in. Indeed, so
clumsy is the performance that the fourth instruction
assumes, even persuades, if it does not also adroitly
direct, a verdict for the plaintiff. The third instruc-
tion, among other reasons, must be condemned for
using the words "alleging that the plaintiff was a
thief." (4) The refusal of defendant's second in-
struction to the effect that there could be no recovery,
if the material referred to was material for which de-
fendant had given plaintiff an order, was clearly erro-

neous. • The evidence to support it was abundant. Even the plaintiff's original petition, read in evidence, as well as practically all the witnesses on both sides of the case, disclosed a state of facts which warranted it. Hall v. Adkins, 59 Mo. 144; Pasley v. Kemp, 22 Mo. 411. (5) Since the only element of damage brought to the attention of the jury, if such it can be called, was that of the plaintiff's wounded feelings, it is respectfully submitted that the verdict is excessive.

*Grant S. Watkins* and *C. F. Booher* for respondent.

(1) The first count stated a cause of action as well as the second count. Defendant filed demurrers to both counts and when the demurrers were overruled filed answer. The second count, the one on which judgment was rendered, stated a good cause of action. The words laid in the petition were an accusation of theft and a public declaration of an intention to punish plaintiff for it. It was also a slander on his trade and business, a charge of dishonesty in it, either of which is actionable *per se.* It was also so understood by plaintiff and all the witnesses who testified for plaintiff who heard it. No innuendo was necessary. Noeninger v. Vogt, 88 Mo. 593; Rammell v. Otis, 60 Mo. 365; Casey v. Aubuchon, 25 Mo. App. 91; Callahan v. Ingram, 122 Mo. 368; Lewis v. McDaniel, 82 Mo. 587; St. James Military Academy v. Gaiser, 125 Mo. 525; Michael v. Matheis, 77 Mo. App. 562; Holt County v. Cannon, 114 Mo. 514. (2) The motion in arrest was properly overruled. Both counts in plaintiff's petition stated a good cause of action. (3) Appellant's objection to the first instruction is not well taken, for the reason that the courts of this State have directly held that the elements of damage complained of are proper elements of damage, and if plaintiff did not ask for all he was entitled to, defendant could not complain because it was more favorable to him than he was entitled to. Baldwin v. Boulware, 79 Mo. App. 9; Callahan v. Ingram, 122 Mo.

355; Michael v. Matheis, 77 Mo. App. 562. Plaintiff
was entitled to have all testimony considered that was
introduced without objection. Hall v. Jennings, 87 Mo.
App. 635. There is no ground for objection to the
third instruction. Lewis v. McDaniel, 82 Mo. 585. The
fourth instruction correctly states the law, that is to
say, if exemplary damages are assessed, the jury may
take into consideration the amount of money that the
defendant is worth. This was the only point on which
this particular instruction attempted to direct the jury.
The fourth instruction, taken with the sixth instruction,
lays down all the elements necessary in order to find
exemplary damages for plaintiff. The sixth instruction
directed the jury as to what facts they must find before
they could assess exemplary damages. Lewis v. Mc-
Daniel, 82 Mo. 587. The fourth instruction directed the
jury only as to one fact which they might take into con-
sideration if they assessed exemplary damages. Buck-
ley v. Knapp, 48 Mo. 164. The sixth instruction states
the law and lays down the rule by which the jury are
to be governed and the facts which they must find be-
fore they can assess exemplary damages. Lanius v.
Druggist Pub. Co., 20 Mo. App. 12; Callahan v. Ingram,
122 Mo. 368. (4) Defendant's answer was a general
denial, no mitigating circumstances being pleaded. In-
struction 2 was properly refused. R. S. 1899, sec. 636;
Baldwin v. Fries, 46 Mo. App. 296; Trimble v. Foster,
87 Mo. 49. There was no evidence on which to support
it. The charge was that of theft, and so understood by
all of the witnesses who heard it. The jury were re-
quired to find that there was a charge of theft before
they could return a verdict for the plaintiff. It was
also a charge of dishonesty against plaintiff in his trade
or business. Both are actionable *per se*. Noeninger v.
Vogt, 88 Mo. 590; Casey v. Aubuchon, 25 Mo. App. 91;
Bray v. Callahan, 155 Mo. 43. Hall v. Adkins, 59 Mo.
144, is not in point, for the following reason: The
charge was that of theft, and nothing else could be

made out of it under any construction of the language used by either party. Casey v. Aubuchon, 25 Mo. App. 91.

GANTT, P. J.—I. This is an appeal from the judgment of the circuit court of Andrew county. The judgment was against Edward W. Hamilton, but since this appeal was filed in this court his death has been suggested, and the cause revived in the name of Mrs. Hamilton, his administratrix. A motion to dismiss the appeal was filed on the ground of the insufficiency of the abstract. We have carefully considered the motion, and while the abstract is not by any means to be commended as a precedent, we are constrained to hold it sufficient. The cause comes to this court by the short method. The cases relied on to show the insufficiency of the abstract were all cases upon *full transcripts* and do not apply. The motion to dismiss the appeal is denied.

II. It will be observed that the judgment in this case was for $800, but the jurisdiction of this appeal vests in this court because of the constitutional question raised in the trial court, which was that the verdict was concurred in by eleven jurors only, and the point was made and urged that the amendment to the Constitution of this State, adopted at the general election in 1900, authorizing three-fourths of a jury to render a verdict in courts of record, had never been duly submitted to the people of this State and adopted by them as required by the Constitution of 1875.

This point was decided by this court In Banc adversely to this contention in Gabbert v. Railroad, 171 Mo. 84, December 24, 1902, and that decision has since been uniformly followed, but where it has appeared that the point was made in good faith prior to the decision of this court in the Gabbert case, we have retained jurisdiction. Inasmuch as this appeal was taken at the February term, 1902, of the Andrew circuit

court and filed in this court July 16, 1902, this case falls within the class of which we have retained jurisdiction on the ground that a constitutional question is involved. But in cases appealed since the promulgation of our decision in Gabbert v. Railroad, which would otherwise go to one of the courts of appeals, we have refused to entertain the appeals on the ground that the claim of unconstitutionality is not made in good faith, and because it is an attempt to compel this court to consider cases which justly fall within the jurisdiction of the courts of appeals. While as a general proposition it is the settled doctrine in this court that the decision of a constitutional question in one case does not foreclose the same question between the parties to another suit, we think it is intolerable that, where the proposition is that an amendment to the Constitution has not been duly submitted and adopted, and the point has been fully considered and a ruling made that it was adopted, the very existence of a part of the Constitution should be questioned merely for the purpose of vesting jurisdiction in this court. Case after case has been certified to this court on this same ground when it was apparent that the point was not made in good faith and we have accordingly refused to retain jurisdiction. But, as already said, as this case falls within the class of appeals taken before the question of the validity of the amendment was settled, we will retain jurisdiction, otherwise we would not. [Lee v. Jones, 181 Mo. 291.]

III. The action is for slander. The petition contains two counts, but as plaintiff dismissed the first count and the instructions restricted the jury to the slander alleged in the second count, it is unnecessary to notice the first count for the purposes of this appeal. The second count is based upon the following alleged slanderous words, uttered by defendant's intestate to plaintiff, in the presence of a number of persons on a public street in St. Joseph: "Come here John, you bring

back that material you took of mine.'' When asked by plaintiff, ''What material?'' defendant answered: ''You know what material, and if you don't return it I will make you smoke for it,'' and when plaintiff denied getting any of defendant's material, defendant repeated, ''Yes, you have. You have used it on somebody else's work, that material you *stole* from me; if you don't return it, I will make it hot for you.''

Stripped of immaterial and unnecessary verbiage this count alleged that defendant charged plaintiff in the presence of divers persons on a public thoroughfare in the city of St. Joseph with stealing certain material, the property of defendant.

The time of the utterance of the alleged slander was laid on July 28, 1900. The action was commenced on the first day of September, 1900, in Buchanan county. The answer was a general denial. The venue was changed to Andrew county. A verdict for $300 actual damages and $500 punitive damages was rendered. The evidence on the part of plaintiff tended to prove the allegation of the petition, to-wit, that on said 28th day of July, 1900, on the northeast corner of Fourth and Edmond streets in the city of St. Joseph, near noon, the defendant accosted plaintiff, who was and is a painter by trade, in the presence of Elmer Fetters, Henry Swagers and Frank Mallet, and divers other persons who were at the time passing along said streets, and said, ''Come here, John,'' and when plaintiff went up to defendant, the latter said to plaintiff, ''You bring back that material of mine.'' Plaintiff asked, ''What material?'' And defendant said, ''You know what material, and if you don't return it, I will make you smoke for it.'' Plaintiff replied, ''I did not get any material of yours.'' Thereupon defendant said, ''Yes, you have. You have used it on somebody else's work, and that material you *stole* from me, if you don't return it, I will make it hot for you.''

On the part of defendant, his own testimony of

what occurred on the occasion referred to by plaintiff and his witnesses, was as follows:

"Mr. Miller, who had a desk at my office, and myself, left the office to go home. It was twelve o'clock. We walked up Edmond street together, and I saw Mr. Carpenter (the plaintiff) on the corner there. He had promised to do some work for me for three or four weeks and I asked him—I called him to me, 'Come here, John.' He came up and I said, 'I want you to return that paint that you took from Pimbley's.' He denied having any paint. Then I—that is all of the conversation. I told him to come with me and we would go to Pimbley's. We left and went on up to Pimbley's, and I went in and Mr. Pimbley told me to go and see the bookkeeper. I went up to the bookkeeper to find the order. The order was not there; he (plaintiff) had not delivered it. I came on out, was about all. I passed out and went to dinner." He denied that Mallet was there. Denied that he said plaintiff stole the material. He had always had perfect confidence in John Carpenter's honesty. The evidence further tended to prove that Mr. Hamilton, the defendant, was a prominent citizen of St. Joseph, a man of wealth, worth $75,000.

Mr. Miller, who accompanied defendant, detailed the conversation in this manner: "Mr. Carpenter and several other gentlemen were standing around some little stand of some kind on Goodlive's corner there, and as we passed Mr. Hamilton saw Mr. Carpenter and said to him, 'See here, John, I want you to bring that paint back.' Carpenter said, 'What paint?' Defendant said, 'That paint you got at Pimbley's.' Carpenter said he didn't get any paint, and Hamilton said he knew better; that he did; that Pimbley's man said so." They argued several minutes. He didn't hear Hamilton say Carpenter stole the paint.

At the close of the evidence the court gave the following instructions at the request of plaintiff:

"1. The jury are instructed that in making up

their verdict, they may take into consideration all the facts and circumstances as detailed by the witnesses, and if the jury find for the plaintiff, in estimating the damages which they think plaintiff has sustained, the jury may take into consideration and allow the plaintiff for the mortification of his feelings suffered from the act of the defendant complained of, and may add thereto as punitive damages such amount as will adequately punish the defendant for such action and serve as a warning to prevent others from being guilty of a like act, not to exceed the amount claimed in the second count of the petition.

"2. The court instructs the jury that if in this case the jury finds that the defendant spoke the slanderous words as charged in the second count of plaintiff's petition, then the law presumes they were spoken maliciously and it is not necessary to prove any express malice in order to warrant à verdict for the plaintiff.

"3. The court instructs the jury that if they believe from the evidence that the defendant did on the 28th day of July, 1900, at the corner of Fourth and Edmond streets, in the city of St. Joseph, use the slanderous words charged in the second count of plaintiff's petition, alleging that the plaintiff was a thief, that he had stolen material, and if the jury further believe that said language was false and untrue, then the jury shall find for the plaintiff.

"4. The court instructs the jury that you may not only allow damages, but also such damages as will afford a wholesome example to others in like cases in the way of smart money or exemplary damages, and in arriving at this amount you are at liberty to take into consideration the amount of money that the defendant is worth.

"5. The court instructs the jury that malice does not consist alone in personal spite or ill-will, but exists

in law wherever a wrongful act is intentionally done without just cause or excuse.

"6. The court instructs the jury that if the jury believe that the defendant spoke the slanderous words charged in the second count of the petition or enough of them to constitute the charge that plaintiff was a thief, the law presumes malice in the speaking, and the jury, without proof of malice or special damages, are at liberty to give exemplary damages.

"7. The jury are the judges of the evidence and credibility of the witnesses, and may give to the testimony of any witness such weight as they deem it entitled to under all the facts and circumstances in proof, and if the jury believe that any witness has willfully sworn falsely to any material fact in the case, they are at liberty to disregard the whole of the testimony of such witness.

"8. The court instructs the jury that under the law if three-fourths of the members of the jury concur, they may render a verdict.

"9. The court instructs the jury that if you find for the plaintiff on the second count in the petition, your verdict will be in the following form:

" 'We, the jury, find for the plaintiff on the second count in said petition, and assess his actual damages at —— dollars, and we further find for the plaintiff in exemplary damages in the sum of ——— dollars.' "

To the giving of which defendant at the time duly excepted. The defendant then asked the following instructions:

"1. The court instructs the jury that under the pleadings and the evidence their verdict must be for the defendant and they will so find.

"2. On the part of defendant the court instructs the jury that if they believe from the evidence that the material mentioned in the evidence, and referred to in the conversations between plaintiff and defendant, was material which defendant had intrusted to

the plaintiff or given him orders for to use upon defendant's work, then they will find for defendant.

"3. The court instructs the jury that the burden of proof is upon the plaintiff and it devolves upon him to make his case by a preponderance of the evidence. A preponderance of the evidence as used in this instruction does not mean any number of witnesses, but it means a greater weight and credibility to be given to the evidence of the witnesses.

"4. If the jury believe from the evidence that any witness has willfully sworn falsely to any material fact in this case they are at liberty to disregard the whole of such witness's testimony."

Which said instructions numbered one and two, upon the part of defendant, the court refused, and to this action defendant excepted at the time.

Eleven of the jurors concurred in a verdict for $300 actual and $500 punitive damages. One juror refused to agree to the verdict.

The first assignment of error is that the second count states no cause of action and defendant's objection to any testimony in support thereof was erroneously overruled. The basis of this point is that conceding the truth of all that the plaintiff's evidence tended to prove, it did not impute a crime to plaintiff, but at most a mere breach of trust.

The argument is, that because, in the same connection in which defendant charged plaintiff with stealing his material, he added, "You have used it on somebody else's work," he thus gave an antidote along with the poison and shows that defendant was merely mistaken in the law rather than guilty of a malicious purpose. Hall v. Adkins, 59 Mo. 144, is cited to sustain this contention, but the distinction between the facts of that case and the case at bar is apparent. In that case a landlord charged his tenant with stealing his corn. The defense was that defendant, at the time of speaking the actionable words, detailed to every person who heard the

slanderous words the taking of corn on which he had a landlord's lien, and defendant honestly believed the taking of the corn by his tenant under those circumstances was larceny. The defendant pleaded these facts in justification, and in mitigation of the damages. Because the court ruled that although the defendant honestly believed that the facts and circumstances attending the taking of the corn constituted larceny, and so believing and without malice uttered the slanderous words only to those to whom he communicated the facts which in his opinion constituted larceny, it was no mitigation, the Supreme Court reversed the cause. In that case it was apparent from the facts stated by defendant that the act of plaintiff was not larceny, as plaintiff could not steal his own property. In this case there is no plea of justification or in mitigation of damages, and there was no such communication of the facts upon which he based the slanderous charge to those who heard it as amounted to a justification or mitigation. The words proven were as alleged, and we discover no statement in them which in the slightest degree relieved them of the imputation of the crime of larceny. On the contrary, they added emphasis to the charge. It is no qualification of a charge of stealing paint to add to it that the painter had used it on another's property. The charge of stealing the paint was actionable *per se* and the law presumes malice from its utterance and no proof of malice was necessary. [Callahan v. Ingram, 122 Mo. 355; Johnson v. Dicken, 25 Mo. 582; Barbee v. Hereford, 48 Mo. 323; Pennington v. Meeks, 46 Mo. 217.]

Christal v. Craig, 80 Mo. 367, has no application to the facts of this case. In that case the words in the petition were, "You have took my pocket-book and money, and have got it there in your pocket," and it was properly ruled that these words were not actionable *per se* without some explanatory averment showing their application. "If they were intended and

understood to impute the crime of larceny, they would be actionable *per se.*" "Do they, on their face, without more, convey such imputation? To say you have my pocket-book or money in your pocket, does not necessarily or legally imply its theft. The party might reasonably have so taken it under a claim of right, or through mistake or in sport."

But when one says to another in the presence of others, "You bring back that material that you took of mine," and when the person addressed denies having any of his material, he follows it up by, "You have used it on somebody else's work; that material you *stole* from me, if you don't return it, I will make it hot for you," there is and can be but one inference drawn, and that is a charge of larceny and a threat of prosecution if the stolen material is not brought back.

Powell v. Crawford, 107 Mo. 595, only holds that where the words charged are not slanderous *per se* the colloquium must show they were slanderously used to make them actionable. Here the words were actionable *per se.*

We think there was ample evidence to take the case to the jury.

IV. As to the proposition that when both counts in a petition are bad a motion in arrest should be sustained, there can be no controversy. But in this case, the first count was dismissed and the second, while inartificially drawn, sufficiently charged a slander—the utterance of words, actionable *per se* in the presence and hearing of divers persons—and the motion in arrest was properly overruled.

V. Instruction numbered 1 given on behalf of plaintiff is challenged because the court permitted the jury thereby "to take into consideration all the facts and circumstances as detailed by the witnesses" which counsel for appellant insists authorized the jury to consider the evidence offered to sustain the first count,

which contained a charge in regard to a gallon of oil that defendant claimed was missing.

Again and again we have ruled that instructions must be read together, and when those given in this case are so read, we think it is obvious the jury were confined to the slander alleged in the second count, and instruction numbered 1 read in the light of the second instruction must have been understood to have reference to the facts and circumstances offered in support of the charge in the second count alone. The plaintiff in the presence of the jury had dismissed the first count and the court confined the jury in its 2nd, 3rd, 6th and 9th instructions specifically to the alleged slander charged in the second count.

In the light of these facts we do not think it reasonable to infer that the jury considered the oil transaction in making up their verdict.

It is further urged against this instruction that it fails to say anything about the injury to plaintiff's character, reputation, etc., but admonishes the jury that they "may take into consideration and allow plaintiff for mortification of his feelings."

Obviously defendant mistakes the purpose of this instruction. It was to advise the jury that they might award punitive damages. This identical instruction was approved in Callahan v. Ingram, 122 Mo. 369. Besides, if defendant desired the elements of actual damages made more specific, he should have asked an instruction setting out such elements. This is a civil action and the circuit court was not required as in a criminal prosecution to instruct upon all propositions of law involved whether suggested or not. [Browning v. Railroad, 124 Mo. l. c. 71.]

Without reproducing the other instructions for plaintiff to which defendant objects it must suffice to say they but announce principles of law long settled in this State.

State v. Oldenhage.

VI.   As to the refusal of defendant's second. instruction, we have already pointed out that there was no plea of justification or in mitigation of damages, and that the fact that defendant, in addition to charging plaintiff with stealing his material, at the time said, "You have used it on somebody else's work," did not have the effect of removing the stigma and imputation of theft within the principle of Hall v. Adkins, 59 Mo. 144. In that case the very facts stated by the defendant disproved that the plaintiff was or could have been guilty of theft, and therefore were properly held to be a mitigation of the charge. We think the second instruction asked by defendant was properly refused.

As to the damages, we see nothing in the amount assessed by the jury which smacks in the slightest degree of passion or prejudice. The words being actionable *per se* it was the province of the jury to assess the damages and we see no reason for interfering with their verdict. It results from what has been said that the judgment must be and is affirmed.

*Fox, J.,* concurs; *Burgess, J.,* absent.