DICKEY, Appellant, v. HOLMES et al.

Division Two, December 24, 1907.

1. **APPELLATE JURISDICTION:** Constitutional Question: Lodged in Reply. The constitutionality of section 23 of article 9 of the charter of Kansas City, providing that no objections shall be pleaded or proved in a suit on a special taxbill for a public improvement other than those that have been made in a writing filed with the Board of Public Improvements within sixty days after the issue of the taxbills, was properly raised in plaintiff's reply to defendant's answer, although not raised in the answer, instructions or plaintiff's motion for a new trial, if the validity of that part of the charter is necessarily involved in a decision of the case.

2. ———: ———: Already Settled. Where the constitutional question has been settled by decisions of the Supreme Court before the appeal was taken, that question does not any longer remain in the case and the Supreme Court has no jurisdiction of the appeal. The Supreme Court will not, in determining to which court the appeal is to be taken, assume jurisdiction of a case on the ground that a constitutional question is involved, where the exact question has been finally settled by its prior decisions. And so, where the suit is on a special taxbill, and the validity

of section 23 of article 9 of the charter of Kansas City, providing that no objection to its validity shall be pleaded or proven in court unless incorporated in a written statement filed with the Board of Public Works within sixty days after the taxbill was issued, is properly lodged in the case, and the constitutionality of that section of the charter is the only ground upon which the Supreme Court can take jurisdiction of the appeal, it will transfer the case to the proper court of appeals, since that section had repeatedly been held to be unconstitutional before the appeal was taken.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

Transferred to Kansas City Court of Appeals.

*Karnes, New & Krauthoff* for appellant.

*Gage, Ladd & Small* for respondents.

This case should be transferred to the Kansas City Court of Appeals. The jurisdiction of this court is invoked in this case because a constitutional question is involved, the amount of the taxbills being insufficient to bring the case here. This court decided, in Barber Asphalt Co. v. Ridge, 169 Mo. 376 (opinion rendered June 18, 1902), that the charter provision invoked by the plaintiff, which the court below disregarded, requiring the defendant to file his objections to the taxbills with the Board of Public Works, was unconstitutional and void. The Court In Banc, on July 30, 1903, in State ex rel. v. Smith, 177 Mo. 69, and this division in Paving Co. v. Munn, 185 Mo. 552, on December 24, 1904, and in several other cases since then, the Supreme Court of this State again so decided. This case was tried January 23, 1905, so that for a number of years before this appeal was taken the Supreme Court of this State had thoroughly blotted out the provision of the charter relied on. We are aware that this court has also held that, because it

has decided a constitutional question once, that does not prevent the same question being raised over again in the court below and an appeal being taken to this court, but we submit that there ought to be for the protection of the court some limit to this rule, as there is in the Supreme Court of the United States.    See Rose's Code of Federal Procedure, vol. 1, sec. 38 (f).

BURGESS, J.—This is an action for the enforcement of the liens of two special taxbills against the properties of the defendants in Kansas City.    The judgment in the trial court was for the defendants, from which judgment, after the filing and overruling of a motion for a new trial, plaintiff appeals.

Although the amount of the taxbills sued on is insufficient to give this court jurisdiction of this appeal, it is claimed by plaintiff that the Supreme Court has jurisdiction because of a constitutional question being involved.

This question, if properly before this court, involves the validity of section 23, article 9, of the charter of Kansas City, by which it is provided that the owner or owners of any tract or parcel of real estate charged with the payment of installment bills shall, within sixty days from the date of issue of the taxbills, file with the Board of Public Works a written statement of each and all objections which he or they may have to the validity of the taxbills, the doing of the work, the furnishing of the materials charged therefor, the sufficiency of the work or materials therein used, and any mistakes or error in the amount thereof. It is further provided that in any suit on any taxbill issued pursuant to section 23, article 9, no objection shall be pleaded or proved other than those that have been filed with the Board of Public Works within the period aforesaid.

The only way this question is raised, if at all, is

by the replication to the defendant's answer. It is not raised by the answer, instructions, or motion for new trial, but plaintiff contends that it is necessarily involved in the decision in the case. The same question was raised in the same way in State ex rel. Curtice v. Smith, 177 Mo. 69, and must be held to be properly raised in the case at bar.

This identical section of the charter of Kansas City has been before this court on several different occasions and has as often been held unconstitutional and void. [Barber Asphalt Paving Co. v. Ridge, 169 Mo. 376.] It was before this court in Paving Co. v. Munn, 185 Mo. 552, in which GANTT, P. J., speaking for the court, said: "We have been urged to reconsider our ruling in that case [Barber Asphalt Co. v. Ridge, supra], and to hold said provision of the charter a valid one. We have carefully considered the argument and authorities pressed on behalf of the plaintiff, but without repeating what was said in Ridge's case we see no reason for departing from the views then expressed and conclusions reached in that case. We are still of opinion that it is in conflict with the fundamental principles of our State Constitution and out of harmony with our whole judicial system. [Richter v. Merrill, 84 Mo. App. 150; Winfrey v. Linger, 89 Mo. App. 161.]". It was again before Division One of this court in Curtice v. Schmidt, 202 Mo. 703, and again in Gilsonite Construction Co. v. Arkansas McAlester Coal Co., 205 Mo. 49, and in both cases held to be unconstitutional, and the question must, therefore, be considered as settled.

Plaintiff, however, says that the fact that this court may have heretofore decided that the charter provision in question is invalid does not prevent the question from being involved in this appeal. It is true that the Supreme Court decided in State ex rel. Dugan v. Kansas City Court of Appeals, 105 Mo.

299, that where one, prosecuted for violating the Local Option Law, defended on the ground that the law was unconstitutional, the Court of Appeals had no jurisdiction on appeal by defendant, notwithstanding the Supreme Court had already declared the law unconstitutional; and also in State ex rel. Curtice v. Smith, supra, "that the rule of practice in this State is that when a constitutional question has once been decided in a case, it can be raised in a subsequent case, and when so raised in the trial court it is so far in the case as to direct the course of the appeal to the Supreme Court." The same rule is announced in Schafstette v. Railroad, 175 Mo. 142. But this is not an ironclad rule to which there are no exceptions. In the very nature of things, the constitutional question involved must be a live one, not expressly foreclosed by prior decisions of this court, otherwise no such question could ever be settled, no matter how often adjudicated by this court. In Gabbert v. Railroad, 171 Mo. 84, it was held that the amendment to the Constitution allowing nine jurors to return a verdict was legally adopted and was constitutional, and the Supreme Court has always since declined and refused to consider cases where appeal was taken solely on the ground of the alleged unconstitutionality of that amendment, except where the appeal was taken prior to the date of that decision, December 24, 1902. In Murray v. Railroad, 176 Mo. 183, plaintiff recovered a judgment for $500 damages for personal injuries sustained by him in a collision with one of the defendant's street cars, caused by the alleged negligence of the servants of defendants. VALLIANT, J., wrote the opinion of the court, in which all the other members of that division concurred. He said: "Defendant appeals from the judgment, and as the appeal was taken before this court had passed on the question of the validity of the constitutional amendment authorizing nine jurors

in a civil case to return a verdict, and as that question was raised in the trial court in this case, the appeal was brought to this court.     Since the appeal in this case was taken, however, that constitutional question has been decided by this court and it is no longer in doubt.     [Gabbert v. Railroad, 171 Mo. 84.]'' The same rule was announced by the Court in Banc in Tandy v. Railroad, 178 Mo. 240, and by Division One of the Supreme Court in Portwright v. Railroad,, 183 Mo. 72.     In Lee v. Jones, 181 Mo. 291, there was a verdict for the plaintiff for $1,500, upon which there was judgment rendered, and the defendant appealed. VALLIANT, J., speaking for the court, said:     "The appeal was taken to the St. Louis Court of Appeals, but when the attention of that court was called to the fact that only nine of the jurors concurred in the verdict, and that the constitutionality of such a verdict was challenged in the circuit court, the Court of Appeals transferred the cause to this court.     At the time the appeal was taken this court had not passed on the question of the constitutionality of a verdict by three-fourths of the jurors in a civil cause in a court of record; therefore, there was a constitutional question in the case which gave this court jurisdiction, and the action of the Court of Appeals transferring the cause to this court was right.     This court having jurisdiction when the appeal was taken will retain it.     But since then we have decided that under our Constitution three-fourths of the jurors in a civil suit in a court of record may render a valid verdict, and, therefore, that is no longer a constitutional question in this State.''     Again, in Franklin v. Railroad, 188 Mo. 533, the defendant appealed from a judgment for $2,500 against it for damages.     Defendant in its motion for a new trial made the point that an instruction given the jury by the court to the effect that nine of their number could return a verdict was in violation of de-

fendant's right to trial by jury as guaranteed by the Constitution of this State and of the United States. VALLIANT, J., speaking for the court, said: "In Gabbert v. Railroad, 171 Mo. 84, decided December 24, 1902, that subject was put at rest, and since then a question as to the validity of our constitutional amendment authorizing three-fourths of the jury to render a verdict in a civil case in a court of record has not been regarded by us as a live question. But as the appeal in this case was taken before the decision in that case it was properly taken to this court and we will entertain jurisdiction of it."

In passing upon the same question in Carpenter v. Hamilton, 185 Mo. 603, GANTT, P. J., speaking for the court, said: "It will be observed that the judgment in this case was for $800, but the jurisdiction of this appeal vests in this court because of the constitutional question raised in the trial court, which was that the verdict was concurred in by eleven jurors only, and the point was made and urged that the amendment to the Constitution of this State, adopted at the general election in 1900, authorizing three-fourths of a jury to render a verdict in courts of record, had never been duly submitted to the people of this State and adopted by them as required by the Constitution of 1875. This point was decided by this court In Banc adversely to this contention in Gabbert v. Railroad, 171 Mo. 84, December 24, 1902, and that decision has since been uniformly followed, but where it has appeared that the point was made in good faith prior to the decision of this court in the Gabbert case, we have retained jurisdiction. Inasmuch as this appeal was taken at the February term, 1902, of the Andrew Circuit Court and filed in this court July 16, 1902, this case falls within the class of which we have retained jurisdiction on the ground that a constitutional question is involved. But in cases appealed

since the promulgation of our decision in Gabbert v. Railroad, which would otherwise go to one of the courts of appeals, we have refused to entertain the appeals on the ground that the claim of unconstitutionality is not made in good faith, and because it is an attempt to compel this court to consider cases which justly fall within the jurisdiction of the courts of appeals.     While as a general proposition it is the settled doctrine in this court that the decision of a constitutional question in one case does not foreclose the same question between the parties to another suit, we think it is intolerable that, where the proposition is that an amendment to the Constitution has not been duly submitted and adopted, and the point has been fully considered and a ruling made that it was adopted, the very existence of a part of the Constitution should be questioned merely for the purpose of vesting jurisdiction in this court.     Case after case has been certified to this court on this same ground when it was apparent that the point was not made in good faith; and we have accordingly refused to retain jurisdiction. But, as already said, as this case falls within the class of appeals taken before the question of the validity of the amendment was settled, we will retain jurisdiction; otherwise, we would not.     [Lee v. Jones, 181 Mo. 291.]''

Boling v. Railroad, 189 Mo. 219, was an action for tort wherein plaintiff recovered a verdict and judgment for one hundred and twenty-five dollars damages. Defendant appealed to the Supreme Court on the sole ground that the amendment to section 28 of article 2 of the Constitution permitting nine jurors in a civil case to return a verdict was never legally adopted. This court, speaking through GANTT, J., said:     ''Under the recent decisions of this court In Banc and of both divisions, had this appeal been taken to or transferred to this court after the decisions in Russell v.

Croy, 164 Mo. 69, and Gabbert v. Railroad, 171 Mo. 84, . . . this appeal should be remanded to the St. Louis Court of Appeals, as the sole ground upon which it is transferred to this court is that the amendment to section 28 of article 2, permitting nine jurors in a civil case to make a verdict, was never legally adopted, but inasmuch as the appeal when taken fairly raised the constitutional question whether such amendments had in fact become a part of the Constitution, and was taken prior to the settlement of that question by this court in the cases above cited, we will retain the appeal as properly in this court; otherwise, we would not. [Lee v. Jones, 181 Mo. 291; Carpenter v. Hamilton, 185 Mo. 603.]''

The case of Barber Asphalt Co. v. Ridge, supra, was decided in Division 2, June 18, 1902, and Paving Co. v. Munn, supra, on December 24, 1904, while the appeal in the case at bar was granted on the 23d day of January, 1905; so that before the appeal in this case was taken Division 2 of this court had twice decided the charter provision in question unconstitutional and void, and both divisions a number of times since. In view of these repeated adjudications, can there be any merit in this appeal? If there is, we fail to appreciate it.

We, therefore, decline to take jurisdiction of this case, and order the record and papers transferred to the Kansas City Court of Appeals, to whose jurisdiction it rightfully belongs.

All concur.