THE STATE v. C. H. CAMPBELL, Appellant.

Division Two, November 24, 1908.

APPELLATE JURISDICTION: Local Option Law: Constitutionality. Where the constitutionality of the Local Option Law was affirmatively determined by a long line of decisions prior to the date of the appeal, and in the very particular in which its constitutionality is now assailed, the Supreme Court will not take jurisdiction of the appeal on the sole ground that a constitutional question is involved, but will hold that such question is no longer debatable, and transfer the case to the Court of Appeals.

Appeal from Dallas Circuit Court.—*Hon. Argus Cox,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*J. W. Ferris* for appellant.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

The constitutionality of the local option law has been many times sustained by this court.     State v. Handler, 178 Mo. 38; State v. Dugan, 110 Mo. 138; State v. Watts, 111 Mo. 553; State v. Searcy, 111 Mo. 236.

FOX, P. J.—This cause is brought to this court by appeal on the part of the defendant from a judgment of conviction in the Dallas Circuit Court, for a violation of what is commonly known as the Local Option Law.

The defendant was charged in the indictment with selling one gallon of brandy, in the month of February, 1907, in violation of the Local Option Law, which it was alleged had been adopted in that county.     The defendant was duly arraigned, and entered a plea of not guilty, and on October 8, 1907, was put upon his trial, which resulted in a verdict of guilty, with punishment assessed at a fine of three hundred dollars. Timely motions for new trial and in arrest of judgment were filed and by the court overruled.     An appeal was prayed for and granted to this court upon the theory that a constitutional question was involved.

At the trial there was evidence offered on both sides by the respective parties to this proceeding. We deem it unnecessary, with the views we entertain as to the jurisdiction of this court to   determine   this cause, to set out in detail any of the testimony introduced upon the trial.     It is sufficient to say that the principal contest in the trial of the cause was as to the adoption of the Local Option Law, that is to say, as to whether or not the records, notices of election and proof of publication introduced concerning such elec-

tion were sufficient to give it vitality and force. This is a sufficient indication of the nature and character of the cause disclosed by the record.

## OPINION.

The record before us in this cause discloses that the constitutionality of the Local Option Law was assailed, and by reason of this fact it is sought to require this court to take jurisdiction of this cause and finally determine it. The constitutionality of the Local Option Law long prior to the date of the appeal in the case at bar had been settled by a long line of decisions by this court. [State ex rel. v. Pond, 93 Mo. 606; Ex parte Swann, 96 Mo. 44; State v. Handler, 178 Mo. 38; Ex parte Handler, 176 Mo. 383; State v. Dugan, 110 Mo. 138; State v. Watts, 111 Mo. 553; State v. Searcy, 111 Mo. 236.]

Confronted with this long line of decisions in which the constitutionality of the Local Option Law has been exhaustively treated and finally settled, will this court take jurisdiction of the case at bar, the appeal having been taken long subsequent to the adjudications herein indicated? In the very recent case of Dickey v. Holmes, 208 Mo. 664, the appeal was granted to this court and it was sought to have this court retain jurisdiction by reason of a constitutional question being involved. Judge BURGESS, in a very exhaustive opinion, reviewed all of the authorities applicable to the proposition now confronting us. The constitutional question raised in that case had, previous to the appeal, been finally adjudicated in numerous other cases, and this court declined to take jurisdiction of the same. It was pointed out in the discussion of the proposition that there were some cases which held that when a constitutional question has once been decided in a case, it can be raised in a subsequent case, and when so raised in the trial court it is

so far in the case as to direct the course of the appeal to the Supreme Court.    Judge BURGESS, in commenting upon those cases, said that "this is not an ironclad rule to which there are no exceptions.    In the very nature of things, the constitutional question involved must be a live one, not expressly foreclosed by prior decisions of this court, otherwise no such question could ever be settled, no matter how often adjudicated by this court."

In Gabbert v. Railroad, 171 Mo. 84, it was ruled that the amendment to the Constitution allowing nine jurors to return a verdict was legally adopted and was constitutional, and this court has uniformly since declined and refused to consider cases where the appeal was taken solely on the ground of the alleged unconstitutionality of that amendment, except where the appeal was taken prior to that decision, December 24, 1902.

In Murray v. Railroad, 176 Mo. 183, this court retained jurisdiction solely upon the ground that the appeal was taken prior to the decision in Gabbert v. Railroad, supra.

The same rule was announced by this court In Banc in Tandy v. Railroad, 178 Mo. 240, and by Division One of this court in Portwright v. Railroad, 183 Mo. 72.

In Lee v. Jones, 181 Mo. 291, there was a verdict for the plaintiff for $1,500, upon which there was a judgment rendered and the defendant appealed. VALLIANT, J., speaking for the court, said:    "The appeal was taken to the St. Louis Court of Appeals, but when the attention of that court was called to the fact that only nine of the jurors concurred in the verdict, and that the constitutionality of such a verdict was challenged in the circuit court, the Court of Appeals transferred the cause to this court.    At the time the appeal was taken this court had not passed on the ques-

tion of the constitutionality of a verdict by three-fourths of the jurors in a civil cause in a court of record; therefore, there was a constitutional question in the case which gave this court jurisdiction, and the action of the Court of Appeals transferring the cause to this court was right. This court having jurisdiction when the appeal was taken will retain it. But since then we have decided that under our Constitution three-fourths of the jurors in a civil suit in a court of record may render a valid verdict and, therefore, that is no longer a constitutional question in this State.'' The same conclusion was reached in Franklin v. Railroad, 188 Mo. 533, and in Carpenter v. Hamilton, 185 Mo. 603.

In Boling v. Railroad, 189 Mo. l. c. 230, Judge GANTT, in speaking for this court, said: ''Under the recent decisions of this court In Banc and both divisions, had this appeal been taken to or transferred to this court after the decisions in Russell v. Croy, 164 Mo. 69, and Gabbert v. Railroad, 171 Mo. 84 . . . this appeal should be remanded to the St. Louis Court of Appeals, as the sole ground upon which it is transferred to this court is that the amendment to section 28 of article 2, permitting nine jurors in a civil case to make a verdict, was never legally adopted, but inasmuch as the appeal when taken fairly raised the constitutional question whether such amendments had in fact become a part of the Constitution, and was taken prior to the settlement of that question by this court in the cases above cited, we will retain the appeal as properly in this court; otherwise, we would not.'' Citing Lee v. Jones, 181 Mo. 291; Carpenter v. Hamilton, 185 Mo. 603.

In Dickey v. Holmes, supra, the constitutional question involved was concerning certain charter provisions of Kansas City, Missouri, and in discussing the question as to whether this court should take ju-

risdiction, it was said: "The case of Barber Asphalt Co. v. Ridge, 169 Mo. 376, was decided in Division No. 2, June 18, 1902, and Paving Co. v. Munn, 185 Mo. 552, on December 24, 1904, while the appeal in the case at bar was granted on the 23rd day of January, 1905; so that, before the appeal in this case was taken, Division 2 of this court had twice decided the charter provision in question unconstitutional and void, and both divisions a number of times since. In view of these repeated adjudications, can there be any merit in this appeal? If there is, we fail to appreciate it. We, therefore, decline to take jurisdiction of this case, and order the record and papers transferred to the Kansas City Court of Appeals, to whose jurisdiction it rightfully belongs."

As applicable to the case at bar it is manifest that the general features of the Local Option Law have been held constitutional in the cases heretofore indicated, and as to the particular insistence of learned counsel for appellant that the law is unconstitutional because of the claim of unwarranted distinction in the classification of cities, it was expressly ruled by this court in Ex parte Handler, supra, that "the Local Option Law does not offend against the constitutional classification of cities by giving to cities of the fourth class having a population of twenty-five hundred inhabitants power to prohibit the sale of intoxicating liquors altogether, while it confers no such power on all cities of the same class having less than 2,500 and more than 500 inhabitants."

Confronted with the case of Dickey v. Holmes, in which the proposition now in hand was fully reviewed, it is manifest that if that case is to be followed, and we see no reason for departing from it, there is no escape from the conclusion that this court must decline to take jurisdiction of this cause. It is there-

fore ordered that it be transferred to the Kansas City Court of Appeals for final determination.

All concur.