

**GERALD C. MANN**

ATTORNEY GENERAL

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

Honorable Jim Weatherby
County Attorney
Kerr County
Kerrville, Texas

Dear Sir:

Opinion No. O-3050
Re: Chairman of the Democratic
Executive Committee of Kerr
County acting as clerk,
supervisor or judge at an
election.

We have received your letter of recent date requesting our opinion upon the above stated question. If the chairman of the Democratic Executive Committee of Kerr County is disqualified to act as Clerk, supervisor or judge of an election, such disqualification is by virtue of Article 2940, Revised Civil Statutes of Texas, which reads in part as follows:

"No one who holds an office or profit or trust under the United States or this State, or in any city or town in this State, or within thirty (30) days after resigning or being dismissed from any such office, except a notary public, or who is a candidate for office, or who has not paid his poll tax, shall act as judge, clerk or supervisor of any election . . ."

This same identical question was passed upon by the Supreme Court of Texas in the case of Walker et al vs. Mobley, 103 S.W. 490. The question there involved was:

"Was J. T. Dean disqualified from acting as presiding judge of voting precinct No. 2 in said election by reason of his being at the time the chairman of the Democratic Executive Committee of Henderson County?"

Justice Brown, writing for the Court in this case, disposed of the above question in the following words:

"The ground of disqualification urged is that the chairman of an executive committee of a political party is an office of the State or county. There is nothing in the language of the law or the Constitution to support the contention. Dean was not disqualified to act as judge of the election."

Also see Ex Parte Anderson (Crim. App.) 102 SW 727; Walker vs. Mobley (Civ. App.) 105 SW 61; Walker vs. Hopping, (Civ. App.) 226 SW 146.

We are aware of the holding of the Ft. Worth Court of Civil Appeals in the case of Friberg vs. Sourry, 33 SW (2nd) 762, wherein the Court, in construing the Mandamus Statute (Art. 3113, Revised Civil Statutes, 1925), held that the positions of chairman of the Democratic Executive Committee of a county and a precinct chairman are offices within the meaning of said Article 3113. However, in view of the holding of the Supreme Court of Texas in the Walker vs. Mobley case, supra, this department adheres to the law as construed by the Supreme Court.

We are enclosing herewith for your information a copy of Opinion No. 0-2056, written upon a related question.

Trusting that the above answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ D. Burle Davis

D. Burle Davis
Assistant

DBD:LW:ogw

APPROVED FEB 3, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

ENCLOSURE

APPROVED
Opinion Committee
By B W B
Chairman