## MENG v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

**Division One, June 20, 1904.**

1. **APPELLATE JURISDICTION: Nine-Jury Law: Former Decision.** The fact that the Supreme Court has by its former decisions held that the constitutional amendment authorizing nine jurors in a civil case to make a verdict was a valid law, does not so eliminate that question from the case, when properly raised in the trial court, as to deprive the Supreme Court of jurisdiction of the appeal.

2. ———: ———: **Unanimous Verdict.** Where the verdict of the jury is unanimous the question of the constitutionality of the nine-jury law is not in the case, although under the instructions the right to a unanimous verdict might have been denied appellant. Where the verdict is unanimous and the Supreme Court has no jurisdiction of the appeal on any other ground it has no jurisdiction on the ground that the constitutionality of the nine-jury law was involved.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Dawson & Garvin* and *Leonard Wilcox* for appellant.

*Seneca N. & S. C. Taylor* and *Thomas S. Meng* for respondent.

MARSHALL, J.—This is an action for four thousand five hundred dollars, damages for personal injuries, sustained by the plaintiff, on September 11, 1901, at Pendleton avenue and its intersection with defendant's private right-of-way, in consequence of a collision between one of defendant's cars and the plaintiff's buggy.

There was a verdict for the plaintiff for twenty-five hundred dollars, and the defendant appealed. The appeal was allowed to this court because the court instructed the jury that nine of their number could return a verdict, and the defendant contended that it was entitled to a unanimous verdict under the Constitution of this State and of the United States. The verdict of the jury was unanimous.

Heretofore the plaintiff moved this court to transfer this case to the St. Louis Court of Appeals on the ground that this court, since this appeal was granted, had decided that the nine-jury law is constitutional, hence there was no longer any constitutional question involved in this case. This court overruled that motion, thereby holding that as a constitutional question was properly in the case in the circuit court, it remained in the case, notwithstanding that in the meantime this court had decided that question in another case. Such decision in such other case would be controlling authority in this case, but it could no more eliminate the constitutional question from this case, than the decision of any principle of law in one case could eliminate that question from another case.

But an examination of the record in this case shows that the verdict in this case was *unanimous*. Therefore, no constitutional right to a unanimous verdict was denied the defendant in the circuit court. Under the instruction given it might have been denied it. But in fact it was not denied it because the verdict was unanimous.

This court has no jurisdiction upon any other ground, and therefore the case is not within the appellate jurisdiction of this court, and hence is transferred to the St. Louis Court of Appeals.

All concur, *Brace, P. J.,* and *Valliant, J.,* in the result only.