## STATE OF MISSOURI, Respondent, v. POPE, Appellant.

**St. Louis Court of Appeals, February 21, 1905.**

1. **COURTS: Judicial Notice.** The court of appeals will take judicial notice of what counties are in a judicial circuit, the time of holding court in such counties and the number of judges in the circuit.

2. ——: **Circuit Court: Each County a Separate Court.** Under sections 22, 23, 24 and 29 of the Constitution of Missouri, the circuit court is not one court for an entire circuit composed of several counties, but is a separate and distinct court for each county in which a circuit judge sits.

3. ——: ——: **Two Courts in the Same Circuit at the Same Time.** Under sections 2597 and 2598 of the Revised Statutes of 1899, an adjourned term of a circuit court may be held in one county of a circuit by a judge called in from another circuit, although the regular judge may be holding a regular term of court in another county at the same time.

Appeal from Ripley Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*John H. Raney* and *Alfred Perkins* for appellant.

*Thomas F. Lane* and *J. C. Sheppard* for respondent.

### STATEMENT.

The defendant, Add Pope, was jointly indicted with one J. D. Thurman at the April term, 1904, of the circuit court of Ripley county for selling intoxicating liquors in less quanity than three gallons without taking out license as a dramshop keeper.   Afterwards on the 30th day of May, 1904, said court being in session, the Honorable James L. Fort, the regular judge of said court presiding, the defendants filed an application in due form for a change of venue in said cause, alleging that they could not have a fair and impartial trial before said judge.   On the same day the court took up and considered said application for a change of venue and granted the same.   Also on the same day the court made the following order:   ''James L. Fort, judge of the circuit court of Ripley county, being unable to hold the remainder of the April, 1904, term of this court and there being several cases now pending in said court in which changes of venue have been granted, it is therefore ordered by the court that Honorable Samuel Davis, judge of the fifteenth judicial district of the State of Missouri be and he is hereby requested to hold the remainder of said term and preside in the trial of said cases and the clerk of this court is hereby directed to forward said cases on the judge's docket of this court beginning on page 69 thereof, and enter the same for trial on Tuesday, June 7, 1904, and following days, so that no more than ten of said cases will be set for trial on any one day.''   The record shows that in obedience to the above order the Honorable Samuel Davis, judge of the fifteenth judicial circuit, opened the said April adjourned term of the

Ripley County Circuit Court on Tuesday, June 7, 1904. Afterwards, to-wit, June 8, 1904, the defendants filed the following plea, challenging the jurisdiction of the court to further proceed in said cause:

"Now come the defendants in the above-entitled cause and file this their plea to the jurisdiction of this court and say that this court ought not to have or take jurisdiction of said above cause, to try the same or make any other disposition thereof, and say that this court cannot legally take jurisdiction of said above cause for any purpose because they say and show this court that in this the 22nd judicial district of the State of Missouri, there is now being held in the city of Poplar Bluff, in the county of Butler, in said district, the regular June term of the Butler County Circuit Court; that the same is being presided over and held by the Hon. James L. Fort, the regularly elected and duly qualified judge of said circuit court, in said judicial district; that under the law there is one and only one circuit court for said judicial district, and that said circuit court cannot be in session at two different places in said district at one and the same time."

The plea to the jurisdiction was taken up, considered and overruled by the court and the defendants then and there excepted to the ruling of the court thereon. On the following day (June 9) the defendants waived a formal arraignment, entered their pleas of not guilty and the case was tried to a jury.

Upon the trial the State introduced evidence which tended to and did support the allegations of the indictment as far as the defendant, Add Pope, was concerned; but failed to sustain the issues against defendant Thurman. The court peremptorily directed a verdict in behalf of defendant Thurman and he was, therefore, acquitted by the jury. The court properly instructed the jury as to the law of the case pertaining to the guilt or innocence of the defendant Pope and they returned a verdict finding Pope guilty as charged,

fixing his punishment at a fine of $40. On this verdict judgment was entered and thereupon said defendant, filed a motion for a new trial and in arrest of judgment. These motions were overruled, exceptions saved and the case comes here by appeal for review.

Appellant, though represented by able counsel, does not complain here of errors committed on the trial other than the ruling of the court on his plea to the jurisdiction. This being a criminal case, however, we have taken pains to go through the record with care to ascertain if there was error; but none has been found.

In their brief and oral argument counsel press one question only on this court; that is, that the trial court erred in overruling the plea to the jurisdiction.    In the court below to sustain the allegations of said plea the defendant introduced in evidence orders of the Butler County Circuit Court (which county adjoins Ripley county and is in the same circuit) for the purpose of showing that Judge Fort, the regular judge for that circuit, was then holding the regular June term of the circuit court of Butler county in said circuit. This court will take judicial notice of the fact that both Butler county and Ripley county are in one and the same judicial circuit (the twenty-second) and that the regular June term of the circuit court of Butler county convened, as provided by law on Monday, June 6, 1904, and that there was but one regular judge for said circuit. It is shown that the regular June term of the Butler County Circuit Court was in session, the regular judge presiding at the time; that the April adjourned term of the Ripley Circuit Court was convened with Judge Samuel Davis presiding.

NORTONI, J. (after stating the facts).—Appellant contends that "two circuit courts for the same circuit cannot be convened and holden the same day." A court is a judicial assembly. Bouvier gives the

.word "court" this definition: "A body in the government to which the public administration of justice is delegated. The presence of a sufficient number of the members of such body, regularly convened in an authorized place at an appointed time engaged in the full and regular performance of its functions." The Supreme Court of California has said: "A court is a tribunal presided over by one or more judges for the exercise of such judicial power as has been conferred upon it by law." The Supreme Court of Missouri in State ex rel. v. Woodson, 161 Mo. 444, has adopted the above definitions. Section 1, article 4, Missouri Constitution provides that the judicial power of the State as to matters of law and equity is vested in the Supreme Court, circuit courts, etc. Section 22, of the same article, provides that the circuit court shall have jurisdiction, etc. . . . It shall hold its terms at such time and place in *each county* as may be by law directed, but at least two terms shall be held every year in *each county.* Section 23 provides that the circuit court shall exercise superintending control over . . . *in each county in* their respective circuits. Section 24 provides that the Legislature may divide the State into convenient judicial circuits. Section 29 provides as follows:

"If there be a vacancy in the office of judge of any circuit, or if the judge be sick, absent, or from any cause unable to hold any term or part of term of court *in any county* in his circuit, such term or part of term of court may be held by a judge of any other circuit; and at the request of the judge of any circuit, any term or part of term in his circuit may be held by the judge of any other circuit and in all such cases, or any case where the judge cannot preside, the General Assembly shall make such additional provision for holding court as may be found necessary."

It appears from the above sections of the Constitution that the circuit courts, while they are courts of

general jurisdiction, are courts not for an entire circuit, but for *each county* in which a circuit court sits. The judge, however, is for the circuit. So how the sitting of the circuit court in Ripley county, if regularly in session, authorized by law, would interfere with the circuit court sitting in Butler county, or the sitting of the circuit court in Butler county would interfere with the proceedings in the circuit court of Ripley county, is more than we can comprehend. "The circuit court of each county is a seperate, distinct entity, an existence in itself." [First Nat'l Bank v. Parsons, 45 W. Va. 688.] Our Constitution, the statutes, and in fact, all our law points to the inevitable conclusion that the circuit court is a court for the county and not for the circuit. The circuit court in Butler county was in session in its regular term. The question is, was the circuit court in Ripley county, in which the defendant was tried, in session under authority of the law? If so, it had jurisdiction of defendant and his cause and there was no error in overruling his plea to the jurisdiction. Section 2594, Revised Statutes 1899, provides "when an indictment in a criminal prosecution shall be pending in a circuit or a criminal court, the judge of said court shall be deemed incompetent to hear and try said cause in either of the following cases . . . or, when the defendant shall make and file an affidavit supported by the affidavits of at least two reputable persons, not of kin or of counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a fair trial." Section 2595 provides that "whenever in a criminal cause the defendant shall make application under oath and supported by affidavits of two or more reputable persons, not of kin or counsel for the defendant, as to the truth of the allegations in such application for such change of venue for any of the reasons stated in the next preceding section, it shall be lawful for the judge to hear

and determine such application," . . . and then provides for the election of a special judge by agreement in writing between the parties with the concurrence and approval of the court. Section 2596 provides for the oath of this special judge. Section 2597 is the more important however, and provides for the calling in of the judge of some other judicial circuit of the State to hear the case in certain contingencies. We quote that section in full as follows:

"If in any case, the judge shall be incompetent to sit for any of the causes mentioned in section 2594, and no person to try the case will serve when elected as such special judge, the judge of the court shall, in either case, set the cause down for trial on some day of the term, *or on some day as early as practicable in vacation,* and notify and request the judge of some other circuit to try the cause; and it shall be the duty of the judge so requested to appear and hold the court at the time appointed for the trial of said cause; and *he shall, during the trial of said cause, possess all the powers and perform all the duties of a circuit judge at a regular term of such court,* and may adjourn the case from day to day, or to some other time as the *exigencies of the case may require,* and may grant a change of venue in said cause to the circuit court of another county in the same circuit, or to another circuit; and whenever said cause shall be removed to the circuit court of another county in the same circuit, it shall be the duty of the judge so requested to appear and hold the court at the time set for the trial of said cause in the circuit court of the county to which said cause shall be removed: Provided, that if the person elected as such special judge shall refuse to serve, or if the judge so requested shall fail to appear and hold the court at the time appointed for the trial of said cause, the judge of said court shall *reset said cause for trial, to suit the convenience of the judge so requested* to try said cause, or may notify and request the judge

of some other circuit to appear and try said cause, as heretofore provided. Should said judge so requested fail to appear and hold the court at the time appointed for the trial of said cause, the judge of the court shall order a change of venue in said cause to some other circuit. Said order may be made in term time, or by the judge of the court in vacation, by an order in writing, which the judge shall file with the clerk of the court in which said cause is pending. Whenever the judge so requested shall appear and hold the court for the trial of said cause, he shall, in addition to the salary now allowed by law, receive his actual expenses and five dollars per diem for the time necessarily engaged in the trial of said cause and in going to and returning from the place of trial, which shall be paid out of the State treasury upon the certificate of the clerk of the court in which such cause is pending. Whenever the special judge elected to try a cause shall appear and hold court for the trial thereof, he shall receive ten dollars per day for the time necessarily engaged in such trial and five dollars per day while going to and returning from the place of trial, if he reside out of the county where said cause is tried, to be paid out of the State treasury upon the certificate of the clerk of the court where said cause is tried."

Section 2598 is as follows:

"When any cause is set down for trial *in vacation, as* directed in the next preceding section, *the judge shall adjourn the term to that day, at which time an adjourned term of said court may be held for the trial of the cause, and* the court shall notify or recognize the witnesses in the cause to appear at the time set for the trial thereof, and their attendance may be compelled by attachment, as in other cases."

This last section authorizes in plain terms the adjournment of the court to any day in vacation of the Ripley, not the Butler, Circuit Court that the cause may be set down for trial and says "an adjourned term

of said court may be held for the trial of said cause.''
When? We hold at any time in vacation of the Ripley
Circuit Court that suits the ''convenience of the
judge'' and the ''exigencies of the case'' regardless of
courts in session in other counties of the same circuit.

Section 29 of the Constitution above quoted con-
ferred upon the Legislature full and complete author-
ity to provide for cases when the regular judge is dis-
qualified. By the sections of the statute above quoted,
the Legislature has made ample provisions and author-
ized the calling of Judge Davis to hold the court.
[R. S. 1899, sec. 2597.] That section authorized Judge
Fort, the regular judge, ''to set the cause down for
trial on some day of the term *or on some day as early
as practicable in vacation.*'' In vacation of what? Of
the Ripley County Circuit Court. That is, on some day
convenient to the judge being called in between the
regular terms of the Ripley Circuit Court. In constru-
ing these statutes we must keep in mind what we know
and what the Legislature which made this law knew,
that the judicial circuits in this State are composed as
a rule, of several counties—say an average of four or
five counties to the circuit. In some counties by a
special act, there are two or more courts. Now the
judge who is to be called in to hold the court under
these provisions may and often does, and in fact in
this case did, reside several hundred miles away from
the court he was called upon to hold; that he, too, being
a judge of a circuit court, had his time occupied with
the duties of his own court in several counties over
which he presided; that to dispose of the court held
by him in his circuit at the regular term thereof and
then probably cross the State to hold court in Judge
Fort's circuit might and probably would bring about
a condition which would render it impossible to hold
the court in Ripley county at all unless at a time when
some other court in the same circuit was in session.
It is provided in the section above quoted that ''if the

judge so requested, shall fail to appear and hold the court at the time appointed for the trial of said cause, the judge of said court shall reset said cause for trial *to suit the convenience of the judge so requested* to try said cause." This provision is not to suit the "convenience" of other regular terms in the same circuit, but it is to suit the "convenience of the judge so requested." It seems clear to us that the Legislature proceeded upon the theory that these courts to be held under this statute were to be held regardless of other courts in other counties in the same circuit, and to suit the convenience of the particular judge and case involved. If the contention of the appellant is correct, that under the law the circuit court of Ripley county could not be held to try defendant and his case at the time a circuit court of any other county in the same circuit was in session, then, in the event of a stress of business in the various counties of the circuit where the time of the regular judge would be continuously occupied from one regular term to another, which might occur, no court could be held to try the defendant's cause; and for this reason the entire purpose of the statute would fail. Courts will decline to lay down a rule that might thus defeat the wholesome provisions of the statute unless there is some good reason shown therefor. On 'the other hand, the stress of business in the circuit from which the "requested judge" comes might be such that the judge could not go out of his circuit into another to try the case at a time when no other court in that circuit was in session and for this reason the statute would fail. This court will not put such a narrow construction upon the statute as will defeat its wholesome purpose. If Judge Davis was acting within the pale of the law when he held the Ripley Circuit Court, or, in other words, if "he was exercising such judicial power as had been conferred upon him by law," when holding said court,

then the tribunal over which he presided, and before
which the defendant was tried, was the circuit court
of Ripley county and it had jurisdiction—power to
hear and determine the case. Section 2597, supra,
under the provisions of which Judge Davis went upon
the bench of the Ripley Circuit Court, provides, among
other things, that "he shall, during the trial of said
cause, *possess all the powers and perform all the duties
of the circuit judge at a regular term of such court.*"
This would of itself seem to be conclusive upon this
question; here is express warrant of law, making the
court he was holding the equivalent of a regular term.
The section proceeds upon the theory that a term other
than a regular term is being, or to be held by the
special judge. This would necessarily imply that such
special adjourned term being held by an outside judge
between the date of the regular terms in that county
might, and probably would, be held on days on which
other courts might possibly be in session in other coun-
ties. It expressly says that the special judge shall
possess all the powers and perform all the duties of a
circuit judge at a regular term. There can be no ques-
tion as to the power of the circuit judge at a regular
term of this court. The special judge had the same
power and jurisdiction at the time set for the trial as
the regular judge would have in regular term had no
change of venue been taken in the case. The court
which tried the defendant's cause came clearly within
the definition of a tribunal exercising judicial power
authorized by law. Defendant having disqualified
the regular judge and Judge Davis being called
in, no one other than Judge Davis could hold
the court. On this state of the record no right of the
defendant possibly could be abridged by reason of the
court being held at the same time as the court in Butler
county. No question of public policy could intervene,
nor is such question involved in this matter.

The appellant's contention is not very clear. He

rests upon the broad proposition that two circuit courts cannot be in session at the same time in the same circuit, and cites a number of cases from Arkansas and other States, many of which say as much, without assigning reasons therefor, other than the peculiar constitutional and statutory provisions in each case. If appellant's objections are based upon the proposition that the judicial power is vested for the circuit at large as contradistinguished from the counties, and cannot be exercised in two counties of the same circuit at the same time, we would answer that the judicial power emanates from the State through the medium of the Constitution; that under the Constitution this power is conferred upon such tribunals as are authorized by law and may be employed at such times, places and in such manner as the legislative authority may provide, not conflicting with the constitutional provisions. And in this case the Legislature has made ample provision for the employment of the judicial power at the time and place of defendant's trial. Appellant cites numerous authorities to sustain his proposition. We have examined each case and authority, as well as many others, with great care and conclude that none of those cases are in point here. Many of them are based upon constitutional and statutory provisions different from our own. Others deal with questions, as when, through inadvertence, the Legislature provided for separate and distinct regular terms of the same court in different counties of a district to be held the same day by the same judge. The courts have held that this could not be done. No one can dispute this proposition. It is a physical impossibility for the same judge to hold two courts in different places at the same time. Several cases cited assert the bare proposition that two circuit courts cannot be in session at the same time in the same circuit, and content themselves with the assertion without assigning a reason therefor. Unless the proposition rests upon principle or reason,

it certainly should not be followed, and, in fact, should be disapproved and overthrown. The most intelligent deduction from the authorities cited is that announced by the Nebraska court, where many cases are collated and cited. In Tippey v. State, 35 Neb. 368, the court says: "The general rule no doubt is that a court cannot be held at the time when there is clearly no authority to hold it, and where the terms àre fixed by statute so that one term closes in a particular county at a definite time and a term in another county begins. There being but one judge in the district, court cannot be held in two counties at the same time for the reason that the authority is wanting." But the court ruled, however, under the Constitution and statutes of Nebraska, authority is not wanting that the district court may be held at the same time in different counties in the same district and a term may be continued and held during a time fixed for holding court in another county. We acknowledge this rule, but like the Nebraska court, we find authority in the Constitution and the statutes for holding an adjourned term of court at the time and place it was holden. In In re Millington, 24 Kan. 214, the Supreme Court of Kansas, speaking through Judge, now Mr. Justice, BREWER, said: "The commencement of a term is a legislative command to the elected judge to be present and discharge the judicial duties devolving upon him in that county. It operates as a suspension of his duties in all other counties in his district, and suspends, or closes, the term in those counties." The opinion further says that a special judge cannot continue the court in one county while the regular judge is holding the regular court in another county. This is certainly high and respectable authority; but we find our own Supreme Court has taken a different view, and holds that the statutes fixing the time of holding the court is only directory; and again, that it is competent for the Legislature to provide for the courts

being held at the same time in different counties and we hold that by every reasonable implication the statutes of Missouri above quoted, have made such provision. Entertaining this view we are not going counter to the very able opinion of Mr. Justice BREWER. And, furthermore, this case cannot come within the language or the reasoning of Mr. Justice BREWER's opinion. He says the law fixing the opening day of court in one county is a command for the elected judge to be there and *ipso facto* suspend all his courts elsewhere. This cannot apply here, as the regular judge could not hold this court in Ripley county under any circumstances. Having been disqualified, he can proceed under the command of the law to open the Butler County Circuit Court. The other judge, acting under the authority of the law, could exercise the judicial authority conferred upon him by section 2597, supra, to try this case in Ripley county while the regular judge was exercising the judicial authority conferred upon him by general law and in virtue of his office hold the regular term in Butler county. The command of the law to open court in Butler county might suspend the duties and authority of the regular judge (Judge Fort) in all other counties in the circuit except for the purpose of adjourning other courts as provided by statute. Still, Judge Davis, being clothed with authority of law in this particular case, acted thereunder and did not attempt to exercise the suspended authority of Judge Fort in Ripley county. But our own Supreme Court holds a different view from that expressed by Mr. Justice BREWER; that is, that the statute is directory and not mandatory. In Samuel v. The State, 3 Mo. 68, in the Boone County Circuit Court at the June term, 1831, the defendant was tried for murder in the first degree. On Saturday evening, the last day of the term, the trial was not yet ended. On the following Monday under the law the regular term of the Howard County Circuit Court in the same circuit came on. The judge

made an order in the Boone Circuit Court to the sheriff
to adjourn the court until Monday morning and to
proclaim that on Monday a special term of that court
would be holden in continuation of that term to finish
the trial of the prisoner, which proclamation was made.
The court was holden accordingly and on Tuesday re-
sulted in a verdict of guilty and sentence of death was
pronounced. The court states the proposition decided
and arguments advanced to sustain it as follows:
"The third objection is that the circuit court of Boone
county could not have lawfully held an adjourned term
of the June regular term for that county, on the day
it did hold court, because on that day the law required
the same judge to hold, or begin to hold, a court in
Howard county. Messrs. Gordon and King for the
prisoner contended that the holding of the adjourned
term on Monday interfered with the court to be holden
in Howard county on the same day, and that every-
thing done therein was void, because they say the law
had directed the judge to be at Howard on that day and
to hold court, and he could not be at both places at
the same time; and his first duty was to hold court in
Howard. This argument further is, that when the law
says court shall be holden on a certain day in Howard
county, it forbids the judge from holding court else-
where on that day. . . . The court could not with
propriety, nor with justice to the prisoner, witnesses
and jurors, have postponed the court until the business
of his whole circuit could be got through with; and
as the Attorney-General has aptly argued, no time
could have been fixed upon that might not have inter-
fered with some of the courts in some of the counties.
If the special court had been put beyond the week of
the last court in the circuit, yet the court could not
know in advance positively that the business of that
court would not require all the time intervening till
the commencement of the regular circuit again. The
court in this case did nothing more than that which

it might lawfully do. But it is argued that there could be no judicial time in Boone, after the first week had expired, because the Legislature had positively said that on next Monday judicial time should begin in Howard county. . . . We cannot see how the failure, the total failure to hold court in Howard county, could possibly prejudice this man. The court there had nothing to do with his rights, nor with his case. This argument is, that on Saturday night the jury should have been discharged, and that he should have been sent to prison till another term. . . . It is deemed a sufficient answer to say, that by the law and the Constitution, the court had jurisdiction of the case, and having gone lawfully into the trial, it was the positive duty of the court to finish it in some way, and at some time, unless prevented by overbearing obstacles, though the legislative command to hold court in Howard, should be entirely unattended to. Any other construction of the will of the Legislature would be to suppose them ignorant of human affairs, and to act and direct without reason or adequate motive. The counsel have cited a case from Peak's reports as being in point. We consider that case unlike the present case, in this, that the act of the Legislature of Tennessee contains no provision for holding special adjourned terms of court." The Supreme Court in the Samuels case expressly disapproved the decision cited from Tennessee, even though there is no statute in Tennessee authorizing the holding of a special or adjourned terms of court and said: "We do not like that decision, and if our statute were exactly like that of Tennessee, we believe we would object to the reasons and ground on which the case is made to rest."

In Lewin v. Dille, 17 Mo. 64, the Madison County Circuit Court, during a trial, the term being about to expire, ordered a special term the next day, the same day fixed by law for holding the regular term in Bollinger county. The Supreme Court held that "there

was no error in this ruling of the court upon the matter of adjourning over to a day on which court was to begin in a different county. This point was decided in the case of Samuels v. The State, 3 Mo. 68, and we consider this part of the statute *merely directory.*" In the Lewin case there was a statute (R. S. 1845, chap. 45, sec. 54) which said "that no special term shall interfere with any other court to be held by the same judge." Notwithstanding this statute against special terms interfering with regular terms, the Supreme Court sustained the action of the lower court and held the statute merely directory. We find high and respectable authority holding that the proceedings of an adjourned term are not void because the court was held at a time when the regular term of another county was in session. [Smurr v. State, 105 Ind. 125; L. & M. A., etc., Railroad v. Power, 119 Ind. 269; Wadham v. Hotchkins, 80 Ill. 437; Cahill v. People, 106 Ill. 621.]

In the case of State v. Knight, 19 Iowa 94, it was held that a judge might continue a term of court into the time fixed by law for holding a court in the same district and the earlier cases of Davis v. Fish, 1 Green (Ia.) 408, and Grable v. State, 2 Green (Ia.) 559, were in effect overruled. This last case cited was relied upon by appellant—also cited and relied upon and in fact, it was the only case cited and relied upon by Mr. Justice Brewer on this point, in In re Millington, supra. So we see that Mr. Justice Brewer's opinion is based upon the doctrine of this case borrowed from Iowa, which also has been, in effect, overruled by the court of that State. The same court held in Weaver v. Coolidge, 15 Iowa 244, that a judgment rendered three days after the time fixed for the commencement of another court in the same district was not void. To the same effect are State v. Clark, 30 Ia. 168, and Cook v. Smith, 54 Ia. 636. It was held that a judgment pronounced at a term continued over the time fixed by law for another term in the same district was not erro-

neous. [State v. Stevens, 25 N. W. 777; State v. Peterson, 25 N. W. 780.] The Supreme Court of Wisconsin denied the doctrine of the two earlier Iowa cases, supra, and decided that holding a court during a time designated by law for holding another court in the same judicial district did not invalidate the proceedings. [State v. Leahy, 1 Wis. 225.] These cases hold a different doctrine from that announced by Mr. Justice BREWER, supra, and favor that long since announced by the Supreme Court of Missouri.

The Supreme Court of West Virginia, like that of Missouri, has taken a broad and liberal, yet conservative view of this question in an ably considered opinion so strongly in point here that we quote extensively from it. That court said: "Look at the inconvenience and evil resulting from a different construction. An important criminal cause, occupying days or weeks in one county, is heard. The jury is out deliberating, but has not yet reached a verdict. The clock strikes the hour when the judge ought to leave to get to his next court. He calls in the jury, and disbands it; remands the prisoner to jail. All the expense and work go for naught, and worse yet, the prisoner is deprived of his right of a speedy trial. I cannot yield to this construction entailing so much evil, without a statute more plainly calling for it than our present statute. Therefore, I think the acts of the circuit court of Tucker not void, though done by that court sitting any number of days into the term fixed for the circuit court of Preston. It seems to me that common sense, convenience, dispatch of the public business, range themselves on the side of one construction; mere idle technicality and inconvenience on the other. Two courts in the same circuit can proceed at the same time in different counties. The law provides that a judge of one circuit may hold in that of another. The circuit court of each county is a separate, distinct entity—an existence in itself. Why a lawful judge may not sit in one county,

another lawful judge in another county of the same circuit at the same time, I have yet seen no good reason. It does not appear whether the circuit court of Preston was going on at the time or not. If so, it would not, in my judgment, alter the case.'' [First Nat'l Bank v. Parsons, 45 W. Va. 688.]

Our conclusion is that the court in which the defendant was tried was a tribunal exercising judicial power at the time and place of the trial under the warrant, provisions and authority of the law. The judgment is, therefore, affirmed. All concur.