State v. Cowan.

STATE OF MISSOURI, Respondent, v. J. D. COWAN, Appellant.

St. Louis Court of Appeals. Taken as Submitted January 5, 1910. Opinion Filed January 18, 1910.

JURISDICTION: Criminal Law: Constitutional Question: Effect of Previous Determination. Where a constitutional question is raised, it remains in the case so as to give the Supreme Court exclusive appellate jurisdiction, though it has been passed on by such court and is no longer a constitutional question in this state.

Appeal from Wayne Circuit Court.—*Hon Jas. L. Fort,* Judge.

CERTIFIED TO THE SUPREME COURT.

*Abbington & Phillips* for appellant.

*J. F. Meador* and *O. L. Munger* for respondent.

STATEMENT.—The defendant in this case was indicted in the circuit court of Wayne county, two indictments being returned against him, the first containing one count, the second containing two counts, each indictment charging the defendant with wilfully and unlawfully selling intoxicating liquor to three different parties at different dates, in violation of the Local Option Law, which it is charged in each indictment and in each count, has been adopted in the county of Wayne prior to the commission of the alleged offenses. The indictments were consolidated. Defendant, when arraigned, interposed a motion to quash, claiming that the Local Option Law was in violation of the Constitution of this State and of the Constitution of the United States in various particulars set out. This was overruled, exceptions being duly saved. Defendant thereupon entered a plea of not guilty, went to trial, was convicted on two counts, his fine assessed at five hundred dollars on each count, and judgment went against him for the fine assessed. Thereupon he filed his motion for new trial, which, among other grounds was founded on the alleged error of the court in overruling his motion to quash the indictment. This was overruled and exceptions duly saved. Motion in arrest of judgment was filed in due time, based upon the allegation that the indictment is insufficient in law in that it does not charge any offense against the defendant "for the reasons set out in defendant's motion to quash heretofore filed herein." This was overruled, exception duly saved and the case appealed to this court.

REYNOLDS, P. J. (after stating the facts).—A full transcript of the record has been duly filed in this court, although no bond or order operating as a stay of proceedings appears in the record, leave however being given to file an appeal bond. There has been no compliance whatever with the rules of court or with the statute, so far as relates to filing abstracts or briefs,

146 App.—42

nor is there an assignment of or a joinder in error. This is a criminal case and under section 2716, Revised Statutes 1899, neither an assignment of error nor joinder in error is necessary, "but the court shall proceed upon the return thereof without delay and render judgment upon the record before them." In the record before us the constitutionality of what is known as the Local Option Law, under the Constitution of this State and under that of the United States, is distinctly challenged, both by the motion to quash and by the motion for a new trial, as well as by the motion in arrest. While the constitutionality of the Local Option Law has been passed on and that law sustained on practically all of the points here made, as far as we have looked into the record, and while it may be said of that question, as was said by the Supreme Court in the case of Lee v. Jones, 181 Mo. 291, l. c. 297, 79 S. W. 927, referring to the law authorizing a verdict in civil cases on the concurrence of nine jurors, that this question concerning the Local Option Law "is no longer a constitutional question in this State," the Supreme Court in the later case of Meng v. St. L. & Sub. Ry. Co., 183 Mo. 68, 81 S. W. 907, held that notwithstanding the decision of the Supreme Court as to the constitutionality of the law in a given case, that while it was the law in that case, the former decisions "could no more eliminate the constitutional question from this case than the decision of any principle of law in one case could eliminate the question from another case." This latest decision of the Supreme Court seems to us to be controlling and to be in harmony with a long line of cases, commencing with that of State ex rel. Campbell v. St. Louis Court of Appeals, 97 Mo. 276, 10 S. W. 874, down to State ex rel. Curtice v. Smith, 177 Mo. 69, 75 S. W. 625, in which latter case Judge MARSHALL, speaking for the court *In Banc*, and referring to the rule of practice, announced by the Supreme Court of the United States in the case of New Orleans Water Works v. Louisiana, 185 U. S. 336, "that when the

constitutional question raised or necessarily involved has been explicitly decided in another case, it will be not regarded as properly in a subsequent case," holds (l. c. 96) that the practice in our Supreme Court is exactly the reverse, quoting among other cases, State ex rel. Dugan v. Kansas City Court of Appeals, 105 Mo. 299, 16 S. W. 299, as well as several other cases to the same effect. On the authority of these cases, which we hold to be the latest controlling decisions of the Supreme Court on the matter, of which we have any knowledge, this cause is certified to the Supreme Court of the State, as a case which on the record involves the construction of the Constitution of the State of Missouri and that of the United States. All concur.