STATE OF MISSOURI, Respondent, v. J. D. COWAN, Appellant.

Springfield Court of Appeals, January 3, 1911.

APPELLATE PRACTICE: Jurisdiction: Court of Appeals: Transfer of Cause: Waiver of Jurisdiction. Where a cause was appealed from a county within the jurisdiction of the St. Louis Court of Appeals, and transferred from that court to the Springfield Court of Appeals, under the Act of 1909, page 396, and no appearance was entered, nor briefs filed in the latter court, the Springfield Court of Appeals, following the holding of the Supreme Court, will not assume jurisdiction, but will transfer the cause to the St. Louis Court of Appeals.

Appeal from Wayne Circuit Court.—*Hon. J. L. Fort,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Abington & Phillips* for appellant.

*J. L. Meador, O. L. Munger* for respondent.

NIXON, P.J.—Two indictments were returned against the appellant in the circuit court of Wayne county, Missouri, the first containing one count, the second containing two counts, each count charging him with selling intoxicating liquor to designated persons in violation of the Local Option Law alleged to have been in force in Wayne county at the time of the commission of the alleged offenses. The indictments were consolidated. Defendant, when arraigned, interposed a motion to quash, claiming that the Local Option Law was in violation of the Constitution of this state and of the United States in various particulars set out. This was overruled and exceptions saved. Upon trial, the accused was convicted on both counts of the second in-

State v. Cowan.

dictment and his fine assessed at five hundred dollars on each of the two counts, but was acquitted on the first indictment. Among other grounds set up in the motion for a new trial was the action of the court in overruling the motion to quash. A new trial being denied, the accused perfected an appeal to the St. Louis Court of Appeals. That court transferred the case to the Supreme Court on the ground that the motion to quash raised a constitutional question. [State v. Cowan, 124 S. W. 586.] The Attorney-General filed a motion in the Supreme Court asking that the case be transferred to the St. Louis Court of Appeals on the authority of State v. Campbell, 214 Mo. 1. c. 364, 113 S. W. 1081, and the transfer was accordingly ordered. The case was then transferred by the St. Louis Court of Appeals to this court by virtue of the Act of 1909 authorizing the transfer of causes from one court of appeals to another court of appeals in this state. No appearance whatsoever has been made by either party in this court, and as no recognition of this court's right to hear and determine the cause has come from either side, it becomes our duty to transfer the case to the St. Louis Court of Appeals for reasons stated in a companion case (State v. Cowan, No. 533), decided this day, and it is so ordered. All concur.