STATE OF MISSOURI, Respondent, v. J. D. COWAN, Appellant. ·

Springfield Court of Appeals, January 3, 1911.

**APPELLATE PRACTICE:** Jurisdiction: Court of Appeals: Transfer of Cause: Waiver of Jurisdiction. Where a cause was appealed from a county within the jurisdiction of the St. Louis Court of Appeals, and transferred from that court to the Springfield· Court of Appeals, under Act of 1909, page 396, and no appearance was entered, nor briefs filed in the latter court, the Springfield Court of. Appeals, following the holding of. the Supreme Court, will not assume jurisdiction, but will ·transfer the cause to the St. Louis Court of Appeals.

Appeal from Wayne Circuit Court.—*Hon. J. L. Fort,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Abington & Phillips* for appellant.

*J. F. Meador, O. L. Munger* for respondent.

NIXON, P. J.—In this case the appellant was prosecuted on an indictment for violating the Local Option Law charged to have been in force in Wayne county, Missouri, by selling, on January 5, 1908, a pint of whiskey to Mrs. C. Grandpierre. Defendant, when arraigned, interposed a motion to quash the indictment, claiming that the Local Option Law was in violation of the Constitution of this state and of the Constitution of the United States in various particulars set out. This was overruled and exceptions saved. Upon trial, the accused was found guilty and his fine assessed at three hundred dollars. His motion for a new trial was denied and he perfected an appeal to the St. Louis Court of Appeals. That court transferred the case to the Supreme Court on the ground that the motion to quash

raised a constitutional question. [State v. Cowan, 124 S. W. 587.] The Attorney-General filed a motion in the Supreme Court asking that the case be transferred to the St. Louis Court of Appeals on the authority of State v. Campbell, 214 Mo. 1. c. 364, 113 S. W. 1081, and the transfer was accordingly ordered. The case was then transferred by the St. Louis Court of Appeals to this court by virtue of an Act of the Legislature entitled "An Act to empower the judges of the courts of appeals of this state to transfer causes from one court of appeals to another court of appeals in this state, providing the method of such transfer and notice thereof to litigants and attorneys in the causes so transferred," approved June 12, 1909. [Session Acts, 1909, p. 396.] No appearance whatsoever has been made by either party in this court. Our Supreme Court in the case of State ex rel. Dunham v. J. P. Nixon et al., Judges, decided December 17, 1910, held that said Act of 1909 is unconstitutional; that a case which arose within the jurisdiction of one of the courts of appeals in this state could not by that court be transferred to and tried by one of the other courts of appeals. But in the case of State ex rel. Furstenfeld v. J. P. Nixon et al., Judges, decided the same day, the Supreme Court held that, in such case, if the parties filed the record and briefs in the court to which the cause was transferred, this constituted a waiver of the question of the jurisdiction of said court to determine the case. As nothing of this kind was done in this case and no recognition of this court's right to hear and determine the same has come from either party, it becomes our duty to transfer the cause to the St. Louis Court of Appeals, and it is so ordered. All concur.