## STATE OF MISSOURI, Respondent. v. J. D. COWAN, Appellant.

**St. Louis Court of Appeals, November 7, 1911.**

1. **LOCAL OPTION: Intoxicating Liquors: Illegal Sales: Suffiiciency of Indictment.** An indictment for the illegal sale of intoxicating liquor, in violation of the Local Option Law, *held* sufficient.

2. **APPELLATE PRACTICE: Crimes and Punishments: Constitutional Question.** Where a criminal case is transferred by the Court of Appeals to the Supreme Court because a constitutional question was raised in the trial court, and the Supreme Court subsequently re-transfers the case to the Court of Appeals, without opinion, it will be assumed by the latter court that the Supreme Court determined the constitutional question adversely to defendant.

3. **CRIMES AND PUNISHMENTS: Practice: Change of Venue.** In a criminal case, where a change of venue is awarded, on defendant's application, against the regular circuit judge, it is proper to call in the judge of another circuit to preside at the trial, under sections 2594, 2597, Revised Statutes 1909.

4. **LOCAL OPTION: Intoxicating Liquors: Illegal Sales: Evidence.** In a prosecution for selling intoxicating liquor, by introducing in evidence the records of the county court showing the result of a local option election and that such result was duly published in accord with the statute, prima facie proof is made that the Local Option Law was in force.

5. ———: ———: ———: **Sufficiency of Evidence.** In a prosecution for the illegal sale of intoxicating liquor in violation of the Local Option Law, evidence *held* sufficient to sustain a conviction.

Appeal from Wayne Circuit Court.—*Hon. J. L. Fort, Judge.*

AFFIRMED.

*Abington* and *Phillips* for appellant.

*J. F. Meador* and *O. L. Munger* for respondent.

NORTONI, J.—Defendant was convicted of violating the Local Option Law by selling intoxicating liquors in Wayne county,· and appealed to this court. By a motion to quash, he raised a question pertaining to the constitutionality of the Local Option Law and the cause was, therefore,. transferred by this court to the Supreme Court, as will appear by reference to State v. Cowan, 146 Mo. App. 656, 124 S. W. 586. Upon examining the record after the case was lodged there, the Supreme Court, by an order of record, though without the formality of a written opinion, transferred the case back to this court, for the reason, as we understand it, that the constitutional question raised by defendant had been so frequently adjudicated by the Supreme Court adversely to defendant's view that it would no longer take cognizance of cases transferred to it because of such question alone being involved. Such is the rule of the Supreme Court, as determined in State v. Campbell, 214 Mo. 362, 113 S. W. 1081. Afterwards, the case was transferred by this court to the Springfield Court of Appeals under the provisions of an. act of the Legislature, approved June 12, 1909. [See Laws of Missouri 1909, p. 396; see also Sec. 3939, R. S. 1909.] The cause came on for consideration in the Springfield Court of Appeals, but, as the parties neither appeared nor submitted briefs therein, that court transferred the appeal to this court again for the reasons stated in its opinion, as will appear by reference to State v. Cowan, 152 Mo. App. 622, 133 S. W. 344.

Neither abstracts nor briefs have been filed in this court and the. cause was taken as submitted on the record in accordance with the statutory provisions pertaining to appeals in criminal cases. A full record containing a bill of exceptions and all of the evidence is on file here, and we have read and examined the whole matter. It appears defendant was indicted by the grand jury of Wayne county for willfully

and unlawfully selling to one A. B. Craig on the —
day of December, 1907, in Wayne county, Missouri,
intoxicating liquor, to-wit, one pint of whiskey, con-
trary to the provisions of the Local Option Law, which
is alleged to be in force in that county. By a second
indictment returned by the grand jury containing two
counts, defendant is indicted in the first count for hav-
ing willfully and unlawfully sold to one John Hughes
on the — day of December, 1907, at Wayne county,
Missouri, intoxicating liquor, to-wit, one pint of whis-
key. The second count charges defendant with hav-
ing willfully and unlawfully sold to John Hughes in
Wayne county, Missouri, on the — day of January,
1908, intoxicating liquor, to-wit, one pint of whiskey.
Both counts of the indictment allege that the Local
Option Law has been duly adopted and was in force in
that county at and prior to the dates mentioned. We
have examined these indictments as the statute re-
quires and find them to be in due form in every respect
and sufficient to sustain a judgment of conviction
thereon.

The only challenge laid against the indictments
by defendant are those involved in the motion to quash
because of the alleged unconstitutionality of the Local
Option Law. This question must be regarded as hav-
ing been determined adversely to him by the action
of the Supreme Court above referred to, for such was
the only matter in judgment there, and it will not be
examined here. At any rate, this court is without
jurisdiction as to such question, for the Constitution
lodges it exclusively with the Supreme Court.

A change of venue was awarded to defendant on
his application against the judge of the circuit court
of Wayne county, and the Hon. James L. Fort, a duly
commissioned, qualified and acting judge of another
circuit in the state, was called to preside at the trial
which he did. This is the course provided by statute
in certain contingencies and no valid complaint may

be made on this score. [Secs. 2594, 2597, R. S. 1899. See State v. Pope, 110 Mo. App. 520, 85 S. W. 633.]

Defendant was duly arraigned as to all of the charges and pleaded not guilty to each. The two indictments above referred to (one containing one count and one containing two counts) were consolidated for trial in accordance with the statute and the cause was tried before a jury. By its verdict, the jury found defendant not guilty of the charge laid against him in the first indictment above mentioned—that is pertaining to the sale of one pint of whiskey to Craig on the — day of December, 1907; but, by its verdict, the jury found defendant guilty of having sold one pint of whiskey to John Hughes in Wayne county on the — day of December, 1907, as charged in the first count of the second indictment, and also found him guilty of having sold one pint of whiskey in Wayne county to John Hughes on the — day of January, 1908, as charged in the second count of the second indictment. On so finding defendant guilty, the jury by their verdict fixed his punishment at a fine of $500 on the first count and $500 on the second count. On this verdict, the court entered a proper judgment. Through introducing the records of the county court showing the result of the local option election and by showing that the result of the election in favor of the proposition was duly published in accord with the statute, the Local Option Law was prima facie shown to have been duly adopted and in force in Wayne county at the time the sales of liquor alleged in the indictment were made. [State v. Searcy, 39 Mo. App. 393; State v. Searcy, 46 Mo. App. 421; State v. Searcy, 111 Mo. 236, 20 S. W. 186.] For the state, John Hughes testified positively that he purchased a pint of whiskey, which is an intoxicating liquor, of defendant some time during the months of December, 1907, and on another occasion,

during the month of January, 1908, he purchased another pint of whiskey from him. Both sales of whiskey were made within one year prior to the date the indictments were preferred, which was February 8, 1908, and both were made in Wayne county, Missouri. This, of course, constitutes substantial evidence to support the conviction on the two counts of the indictment above specified by the jury in their verdict. Defendant introduced no evidence whatever. The court instructed the jury that, on the showing made, the Local Option Law was in force in Wayne county at the time and fully and fairly instructed it as well on the law of the case. By the instructions, the burden of proof is properly placed upon the state and the presumption of defendant's innocence is pointed out in terms. The jury were told that before a conviction could be had the presumption of innocence must be overcome by substantial evidence and that, too, so that defendant's guilt should be made to appear beyond a reasonable doubt. The verdict is supported by substantial testimony and after having reviewed the entire record we see no reversible error therein. The judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.