## STATE OF MISSOURI, Respondent, v. J. D. COWAN, Appellant.

St. Louis Court of Appeals, November 7, 1911.

1. **LOCAL OPTION: Intoxicating Liquors: Illegal Sales: Sufficiency of Indictment.** An indictment for the illegal sale of intoxicating liquor, in violation of the Local Option Law, *held* sufficient.

2. **APPELLATE PRACTICE: Crimes and Punishments: Constitutional Question.** Where a criminal case is transferred by the Court of Appeals to the Supreme Court because a constitutional question was raised in the trial court, and the Supreme Court

subsequently re-transfers the case to the Court of Appeals without opinion, it will be assumed by the latter court that the Supreme Court determined the constitutional question adversely to defendant.

3. **CRIMES AND PUNISHMENTS: Practice: Change of Venue.** In a criminal case, where a change of venue is awarded, on defendant's application, against the regular circuit judge, it is proper to call in the judge of another circuit to preside at the trial, under sections 2594, 2597, Revised Statutes 1909.

4. **LOCAL OPTION: Intoxicating Liquors: Illegal Sales: Evidence.** In a prosecution for selling intoxicating liquor, by introducing in evidence the records of the county court showing the result of a local option election and that such result was duly published in accord with the statute, prima facie proof is made that the Local Option Law was in force.

5. ————: ————: ————: **Sufficiency of Evidence.** In a prosecution for the illegal sale of intoxicating liquor in violation of the Local Option Law, evidence *held* sufficient to sustain a conviction.

Appeal from Wayne Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Abington & Phillips* for appellant.

*J. F. Meador* and *O. L. Munger* for respondent.

NORTONI, J.—Defendant was convicted of violating the Local Option Law by selling intoxicating liquor in Wayne county, and appealed to this court. Having raised a question pertaining to the constitutionality of the Local Option Law by his motion to quash the indictment, the cause was, therefore, transferred by this court to the Supreme Court, as will appear by reference to State v. Cowan, 146 Mo. App. 621, 124 S. W. 587. Upon examining the record after the case was lodged there, the Supreme Court, by an order of record, though without the formality of a written opinion, transferred the case back to this

court, for the reason, as we understand it, that the constitutional question raised by defendant had been so frequently adjudicated by that court adversely to defendant's view that it would no longer take cognizance of cases transferred to it because of such · question alone being involved. . Such is the rule of the Supreme Court as determined in State v. Campbell, 214 Mo. 362, 113 S. W. 1081. Afterwards, the case was transferred by this court to the Springfield Court of Appeals under the provisions of an act of the Legislature, approved June 12, 1909. [See Laws of Missouri 1909, p. 396; see also Sec. 3939, R. S. 1909.] The cause came on for consideration in the Springfield Court of Appeals, but, as the parties neither appeared nor submitted briefs therein, that court transferred the case to this court again for the reasons stated in its opinion, as will appear by reference to State v. Cowan, 152 Mo. App. 624, 133 S. W. 344.

Neither abstracts nor briefs have been filed in this court, and the cause was taken as submitted on the record in accordance with the statutory provisions pertaining to appeals in criminal cases. A full record containing a bill of exceptions and all of the evidence is on file here, and we have read and examined the whole matter.

It appears defendant was indicted by the grand jury of Wayne county for willfully and unlawfully selling, on January 5, 1908, intoxicating liquor, to-wit, one pint of whiskey to one Mrs. C. Grandpierre in Wayne county, Missouri, in violation of the Local Option Law which the indictment alleges to have been in force in that county at that time. After examining the indictment, in obedience to the statutory requirement that the courts shall examine the whole record for error, we find it to be in due form in every respect and sufficient to sustain a judgment of conviction thereon.

By his motion to quash the indictment, defendant challenged the constitutionality of the Local Option Law, but this question must be regarded as having been determined adversely to him by the action of the Supreme Court above referred to, for such was the only matter in judgment there, and it will not be examined here. Furthermore, this court is without jurisdiction as to such question for the Constitution lodges it exclusively with the Supreme Court.

A change of venue was awarded to defendant on his application against the judge of the circuit court of Wayne county, and the Hon. James L. Fort, judge of the 22d Judicial Circuit of Missouri, was called to preside at the trial, which he did. This is the course provided by statute in certain contingencies and no valid complaint may be made on that score. [Secs. 2594, 2597, R. S. 1899. See State v. Pope, 110 Mo. App. 520, 85 S. W. 633.]

Defendant was duly arraigned on the charge laid against him in the indictment and pleaded not guilty thereto; but by its verdict the jury found him guilty as charged and assessed his punishment at a fine of $300. On this verdict the court entered a proper judgment. Through introducing the records of the county court showing the result of the local option election and by showing that the result of the election in favor of the proposition was duly published in accord with the statute, the Local Option Law was prima facie shown to have been duly adopted and in force in Wayne county at the time the sale of liquor alleged in the indictment was made. [State v. Searcy, 39 Mo. App. 393; State v. Searcy, 46 Mo. App. 421; State v. Searcy, 111 Mo. App. 236, 20 S. W. 186.] For the state, Mrs. C. Grandpierre testified that she purchased a bottle of whiskey of defendant during the month of January, 1908, at Greenville, Wayne county, Missouri, for which she paid him seventy-five cents a few days thereafter. By the testimony of her husband,

it was shown that he sent his wife with a note to defendant asking that he furnish him with a pint of whiskey as he was sick, and that he furnished the money to his wife a few days thereafter to pay for the same. This, of course, constitutes substantial evidence to support the verdict and judgment of conviction. Defendant introduced no evidence whatever. The indictment was returned by the grand jury on February 10, 1908, and it therefore appears the sale of liquor in January was made within one year next prior thereto and the offense is not barred by the statute. The court fully and fairly instructed the jury on the law of the case and as the judgment is supported by substantial evidence it should be affirmed. We see no reversible error in the record. It is therefore ordered that the judgment be affirmed. *Reynolds, P. J.,* and *Caulfield, J.,* concur.